# Southern Railway Co. *v.* Shirley.

*Action to recover Damages for alleged Negligent Killing of a Cow.*

1. *Action against railroad company for killing cow; negligence as to failure of engineer to reverse engine.*—In an action against a railroad company to recover damages for the alleged negligent killing of a cow, where it is shown that the cow came suddenly upon the track, and that although after the engineer saw the cow in a perilous position he had time to sound the cattle alarm and to put on the brakes and reverse the engine, he did not reverse the engine, but only sounded the cattle alarm and put on the brakes, and it was further shown that at the time the cow was struck she was nearly across the track, the failure of the engineer to reverse the engine is sufficient to authorize the jury to find that the speed of the train might have been so reduced as to

avoid the killing; and, therefore, upon such evidence it was a question for the jury to determine whether or not the defendant's servants were guilty of negligence in failing to reverse the engine, and hence the general affirmative charge requested by the defendant was properly refused.

2. *Same; charge of court to jury.*—In an action against a railroad company to recover damages for the alleged negligent killing of a cow, where the evidence shows that just before starting upon the track the cow was standing at the foot of an embankment upon which the track was laid, and the evidence for the defendant tended to show that she started suddenly across the track, a charge is properly refused which tends to mislead the jury to the conclusion that it was not the engineer's duty to take any notice of the cow until she was in the act of crossing the track, though he might have seen her before approaching the track, in such a way as to indicate that she was going to cross unless frightened away.

3. *Trial and its incidents; not necessary to repeat charges.*—The trial court can not be put in error for refusing, at the request of one of the parties to a suit, to give charges which contain substantially the same instructions embodied in other charges given at the request of such party.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JAMES A. BILBRO.

This action was brought against the Southern Railway by the appellee, J. W. Shirley, to recover damages for the alleged negligent killing of plaintiff's cow. Issue was joined upon the plea of general issue.

On the trial of the cause there was evidence introduced by the plaintiff showing that a cow belonging to him was killed by a train being operated on the defendant's road, and showing the value of the cow. It was shown that the train which killed the cow was a freight train and was running at the rate variously estimated at from ten to twenty miles per hour.

Tom Troxell was introduced as a witness for the defendant and testified that he was the engineer in charge of the engine at the time the cow was killed; that at such time he was at the proper place on the engine and was looking out for obstructions. That he first saw the cow when the train was between 50 and 100 yards

from the point where she was killed; that at the time the cow was at the foot of the embankment upon which the track of the railroad was constructed, and was 15 or 20 steps away from the bottom of such embankment; that she was standing still when he first saw her and did not go toward the track until the train was nearly to her; that when the train was about 40 yards from the cow she started up from the embankment toward the track, and he then blew his cattle alarm and put on the brakes.

The witness further testified that he tried to stop the train and used all the means known to him as a skillful engineer, and did everything possible in order to stop the train within that short distance, and that he commenced to do these things as soon as he saw the cow starting towards the track, but that at the speed the train was running it was impossible to prevent hitting the cow within the short distance. That the cow came suddenly upon the track and was very near crossing the track when the train struck her. On the cross-examination of this witness, he testified that while he blew the whistle and put on the brakes he did not ring the bell nor did he reverse the engine; that the ordinary appliances for stopping the train was to apply the brakes, and that to reverse the engine would not do any good towards stopping it, but would only make the wheels slide.

Upon the introduction of all the evidence the court gave, at the request of the defendant, several written charges, but refused to give the following charges requested by it: (1.) "If the jury believe the evidence they must find a verdict for the defendant." (2.) "If the jury believe the testimony of Troxell, the engineer, they should find for the defendant." (3.) "If the jury believe the evidence they should find for the defendant." (4.) "When the track is on an embankment, and the animal was standing down by the side of the embankment, but off it, this might afford less reason to suppose it would come upon the track than if the track and animal had been on level land." (5.) "Under the evidence in this case it was not the duty of the en-

gineer to reverse the engine."  (6.)  "Under the evidence in this case if the jury believe the evidence of Troxell, the engineer, he was not bound to reverse his engine."  (7.)  "If the jury believe from the evidence that at the time the cow was discovered by the engineer she was standing 10 or 15 yards from the track, grazing alongside a fill, it was not the duty of the engineer to take any notice of her, or to adopt precautious means until she started to cross the track, and if after she started across the track all reasonabble means were adopted to prevent the accident, plaintiff can not recover." The defendant separately excepted to the court's refusal to give each of these charges as asked.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the refusal of the court to give the written charges requested by it.

HUMES, SHEFFEY & SPEAKE, for appellant.—The general affirmative chage requested by the defendant should have been given.—Code of 1896, § 4433; *Ga. Pac. R. Co. v. Hughes,* 87 Ala. 610.

The engineer is not required to do anything if he sees that he cannot avert the injury.—*A. G. S. Ry. Co. v. Chapman,* 80 Ala. 615; *R. R. Co. v. Hembree,* 85 Ala. 481; *Ry. Co. v. Jarvis,* 95 Ala. 149.

If a proper lookout was kept, and the animal killed was when discovered so near the engine that the accident could not be prevented by the prompt use of all proper appliances, the presumption of negligence is overcome; nor can negligence be imputed to the engineer because he did not sound the cattle alarm, if he signaled the brakeman and could not at the same time sound the cattle alarm.—*R. R. Co. v. Caldwell,* 83 Ala. 196; *Hembree v. R. R. Co.,* 85 Ala. 481; *R. R. Co. v. Jarvis,* 95 Ala. 149; *R. R. Co. v. Smith,* 85 Ala. 208; *R. R. Co. v. Rice,* (Fla.) 3 So. Rep. 170; *Anderson v. R. R. Co.,* 109 Ala. 128.

JOHN B. TALLY, *contra.*

McCLELLAN, C. J.—It is insisted that the affirmative charge requested by the railway company, defendant below, should have been given for that, it is further claimed, the evidence showed without conflict that defendant's servants in charge of the engine which ran against and killed plaintiff's cow exercised due care in operating the locomotive and were guilty of no negligence. But we do not find the evidence to be all one way on the question of negligence *vel non*. To the contrary there was undisputed evidence that the engineer after seeing the cow in a perilous position had the time and opportunity to sound the cattle alarm, to put on brakes *and to reverse his engine;* and he testified, as did also the fireman, that he did sound the cattle alarm and put on brakes but that he did not reverse the engine. And it is inferable from the engineer's own testimony that the speed of the train would have been reduced more than it was by reversing the engine— not to speak of what may be common knowledge on this subject—and that had the speed been reduced even slightly more than it was the cow would have gotten clear of the track and escaped injury. On this state of the evidence it was, to say the least, a question for the jury whether the defendant's servants were guilty of negligence proximately contributing to the loss complained of.—*Central of Georgia R'y Co. v. Forshee,* 126 Ala. 199. On the principles declared in that case, charges 1, 2, 3, 5, 6 and 12 asked by defendant were properly refused.

Charge 4 was properly refused because it is a mere argument.

Charge 7 is faulty in that it might well have misled the jury to conclude that it was not the engineer's duty to take any notice of the cow until she was in the act of crossing the track, though he might have seen her before approaching the track in such a way as to evince her disposition to cross unless frightened away.

Charge 10 refused to the defendant is substantially the same as charge "A" given at its request; and the court, therefore, committed no error in refusing charge 10.

Charges "B" and "C" given for the defendant cover the same ground and declare the same principles covered and embodied in charges 8, 9 and 13, and for this reason the court was under no duty to give the last mentioned instructions.

Charge 11 requested by defendant is not only faulty in singling out testimony of one witness, but this infirmity is accentuated by its withdrawal from the jury of a part of the testimony of that witness himself bearing too upon the very point involved in the charge.

We find no error in the record and the judgment of the circuit court will be affirmed.

Affirmed.