# Savannah & Western Railroad Co. v. Jarvis.

| 95 | 149 |
| 96 | 264 |

| 95 | 149 |
| 103 | 638 |

*Action for Damages for Killing Cow.*

1. *Liability of railroad company for injuries to stock; statutory duties of engineer.*—Under statutory provisions, it is made the duty of the engineer of a railroad train, on perceiving any obstruction on the track, to use all means in his power to stop the train, and, if any stock is killed or injured, the *onus* is on the company to show a compliance with this requirement (Code, §§ 1144, 1147); but this duty does not arise, unless the obstruction is on the track, and is perceived by the engineer; and a compliance with it is not required, when it is shown that the animal was not discovered in time to avoid the injury, and that the failure to discover it sooner was not owing to any want of due care and watchfulness.

2. *Same; general charge on evidence.*—In an action against a railroad company to recover damages for killing stock, proof of the killing makes out a *prima facie* case for the plaintiff, and the sufficiency of the evidence to rebut the presumption of negligence is a question for the jury; hence, the general charge in favor of the defendant is properly refused.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. J. R. DOWDELL.

This action was brought by M. P. Jarvis against the appellant railroad corporation, to recover damages for killing a cow belonging to plaintiff. On the trial, the evidence showed that the cow was run over and killed by a loaded freight train, which was running at the rate of twenty miles an hour; that the animal was carried by the engine thirty or forty feet, and thrown off in a deep cut; and that the place at which this occurred was not in any town or village, nor near a public road crossing. A witness for the plaintiff, who was forty or fifty yards distant from the railroad track, testified that he heard the cattle-alarm sounded, and started towards the track; that he saw several cows on the track "licking salt," and saw one of them run down the track ahead of the engine, but did not see her when the engine struck her; and that the speed of the train was not slackened, nor could he see that any effort was made to check it. The fireman of the train testified, on the part of the defendant, that

the cow was not one of those feeding or licking salt on the track, but was feeding in a cut on the side of the road, "and was not seen until the engine was within about forty yards of her, when she started down the washout on the side of the cut, in the direction of the track; that the engineer, as soon as she was or could be seen moving towards the track, sounded the cattle-alarm, reversed his engine, put on brakes, and used every appliance at his command to stop or check the speed of the train, or frighten the cow away; that the train was so heavy. and running so fast, that the wheels slipped, and the speed was checked but little; and that the train could not have been stopped in less than four hundred yards." On this evidence, the defendant excepted to a charge given by the court, and to the refusal of two charges asked. These charges are set out in the opinion of this court, and present the only matters assigned as error.

GEO. P. HARRISON, for appellant, cited *Railroad Co. v. Hembree*, 85 Ala. 481.; *Railroad Co. v. Deaver*, 79 Ala. 216; *Railroad Co. v. McAlpine*, 80 Ala. 73; *Railroad Co. v. Caldwetl*, 83 Ala. 196.

CLOPTON, J.—The statutes provide that the engineer, on perceiving any obstruction on the track of a railroad company, must use all the means within his power known to skillful engineers, such as applying brakes and reversing engine, in order to stop the train; and also, when stock is killed or injured, the burden of proof is on the company to show a compliance with this statutory requirement.—Code, §§ 1144, 1147. The duty, however, to apply the brakes and reverse the engine does not arise, unless the obstruction is on the track, and perceived by the engineer.—*East Tenn., Va. & Ga. R. R. Co. v. Bayliss*, 77 Ala. 428.

In a suit against a railroad company for injury to stock, proof of the mere fact that the stock was killed by a moving train casts, under the statutory provisions, the burden on the company to acquit itself of the negligence presumed by the law in such cases ; and unless the burden is lifted, entitles the plaintiff to a verdict. Notwithstanding, under a literal construction of its imperative and unqualified terms, the statute may be regarded as commanding observance of the statutory requirement in all cases, and under any circumstances, where an obstruction is perceived on the track, it has been repeatedly and uniformly construed not to exact strict observance, when there is no reasonable possibility of averting the disaster by any amount of diligence—such a

[Savannah & Western Railroad Co. v. Jarvis.]

contingency being considered without the reason, spirit and policy of the statute. Under this construction, the presumption of negligence, arising from the fact of injury, is overcome, when the defendant shows that the failure to discover the obstruction sooner was not owing to a want of care and watchfulness, and that when discovered the use of all means known to skillful engineers would have been powerless to stop the train in time to prevent a collision. *M. & G. R. R. Co. v. Caldwell*, 83 Ala. 194; *E. T., V. & G. R. R. Co. v. Deaver*, 79 Ala. 216; *A. G. S. R. R. Co. v. McAlpine*, 80 Ala. 73.

In the general charge, the court instructed the jury: "That the burden was on the defendant to show a compliance with the requirements of the statute, as to reversing the engine and applying the brakes, after discovering or seeing the cow on the track." There was testimony tending to show that the cow, being in a wash in a cut, was obscured from view, and was not, and could not have been discovered, until she ran from the wash on the track, about forty yards in front of the engine, and that when discovered reversing the engine and applying the brakes could not possibly have prevented the injury. If these be the facts, the engineer need not attempt to stop the train; and if satisfactorily shown, defendant is not required to show a compliance with the requirement of the statute as to reversing the engine and applying the brakes; the defense is complete without showing such compliance. When referred to the evidence, and construed in connection with its tendencies, the proposition of the charge implies, that it was the duty of the engineer to reverse the engine and apply the brakes on perceiving the obstruction, though the cow suddenly ran on the track in such close proximity to the engine, as to leave no room for a reasonable possibility of avoiding a collision by the use of all the means in the power of the engineer. The charge may assert a correct general proposition; but, when applied to each phase of the facts which the evidence tended to show, it is incomplete in that it ignores and draws from the consideration of the jury the testimony tending to show that, without fault on the part of those in charge of the engine and train, the cow was not, and could not have been discovered, until no skill or diligence could have prevented the disaster.

In *N., C. & St. L. R. R. Co. v. Hembree*, 85 Ala. 481, the charge given at the instance of the plaintiff was as follows: "If the jury are reasonably satisfied that plaintiff's mare was killed by defendant's train, at the time alleged, then,

[Central Railroad & Banking Co. v. Ingram.]

unless defendant has reasonably satisfied them that its agents or servants in charge of the train did all in their power to avoid the killing, they must find for the plaintiff;" substantially asserting the same principle as the charge under consideration, except that the latter requires specific proof of compliance with the requirements of the statutes in particular respects. In view of the testimony, the charge was held to be erroneous. It is said: "Engineers are not required to do all in their power, nor to do anything, when it is manifest that nothing they can do can possibly prevent the injury. The charge would have been correct, if it had contained this additional clause : 'Unless the jury are reasonably convinced that there was no fault in not sooner discovering the mare, and that when discovered no amount of diligence could have prevented the collision.'" A similar qualifying clause would have rendered the charge we are considering complete and correct.

The charge asked by defendant, in the following language, "If the jury believe from the evidence that the animal came down the side of a cut from behind an obstruction about forty yards in front of the approaching train, they must find for the defendant," is too meager. That the engineer could not have sooner discovered the cow, because of the obstruction, should have been embraced in the hypothesis.

The affirmative charge requested by defendant was properly refused. Plaintiff, having proved the killing, made a *prima facie* case of negligence, which called for rebuttal. On the entire evidence, whether the presumption of negligence was satisfactorily rebutted, was a question for the jury.

Reversed and remanded.

*Action for Damages for Injuries to Mules.*

