# Louisville & Nashville Railroad Co. v. Gentry.

| | |
|---|---|
| '103 | 635 |
| 103 | 664 |
| 103 | 635 |
| 112 | 537 |
| 114 | 303 |
| 103 | 635 |
| 181 | 175 |
| 103 | 635 |
| 132 | 612 |
| 103 | 635 |
| 142 | 381 |

*Action against Railroad Company to recover Damages for killing Cattle.*

1. *Liability of railroad company for killing a cow; when general affirmative charge properly given for defendant.*—In an action against a railroad company to recover damages for the alleged negligent killing of a cow, by being run over by a freight train, when the engineer of the train, the only eye witness to the killing of the cow, testifies that although he was keeping a vigilant lookout ahead, he did not see the cow until she was within 25 yards of his engine, that upon discovering her he immediately did all within his power to avert the accident, and there is no evidence in conflict with this testimony, the defendant is entitled to the general affirmative charge. (*S. & W. R. R. Co. v. Jarvis*, 95 Ala. 149, holding that the sufficiency of the evidence to

rebut the presumption of negligence arising from proof of the killing is a question for the jury, overruled.)

2. *Same; same.*—If in such case there was other evidence from which the jury could draw inferences adverse to the testimony of the engineer, and they would be authorized to believe that said engineer could have discovered the cow sooner than he did, and in time to have prevented the killing, the general affirmative charge for the defendant should not be given,

3. *Same; same.*—When, in an action against a railroad company to recover damages for the alleged negligent killing of a cow, there is evidence from which the jury could infer that defendant's employés were negligent in not averting the accident, the general affirmative charge for the defendant should not be given.

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. N. D. DENSON.

This action was brought by the appellee, Henry Gentry, against the Louisville & Nashville Railroad Company, to recover damages for the alleged negligent killing of a cow, which was run over by one of defendant's trains. The suit was commenced in a justice of the peace court, where judgment by default was rendered against the railroad company, and the cause was removed to the circuit court by *certiorari*.

The plaintiff proved, that the body of the cow for the killing of which the action was brought, was found about 15 or 20 feet from the line of the defendant's railroad, near an embankment, not far from Cooper's Station in Chilton county; that the animal was the property of plaintiff, and her value $20.

The only witness to the killing of the cow, was the engineer of the locomotive which killed her, who testified for defendant, that he was running the engine that killed her, and he had the skill of many years experience as an engineer; that he kept a sharp lookout a head and was in the vigilant discharge of his duties; that he did not see the cow until he was within twenty-five yards of her, at which time he discovered her at the edge of an embankment, and immediately he sounded the cattle alarm and rang his bell, and as the cow attempted to cross the track, she was struck by the engine and knocked off; that the cars attached to the engine, constituting the train, were loaded freight cars; that he was running twenty-five miles an hour down grade, and from the time he discovered the animal nothing that was known to skilled

engineers that could have been done to prevent the accident was omitted to be done.

It was shown that the right of way, near the embankment, where the cow was killed, was grown up with bushes.

The defendant introduced another witness by the name of Wright, who testified, that from the point at which the body of the cow was found, the track in the direction from which the train came was straight for a half of a mile; that the cow could have been seen from the edge of said embankment from the direction the train was coming for a half mile; that witness had never run on an engine attached to a train of cars nor been on an engine when it struck a cow, and had no experience in seeing cows from a runing engine on or near the track, but that he spoke from his experience in walking or standing upon a track; and he further testified, that from the elevated position of an engine, an object on the track could be more readily seen, than from the ground.

On the foregoing evidence, the defendant asked the court to charge the jury, that if they believed the evidence, they must find for the defendant, which charge the court refused to give, and the defendant excepted. A verdict and judgment were rendered for the plaintiff for $20.

The refusal of the court to give this charge, is the only error assigned.

J. M. FALKNER and W. A. COLLIER, for appellant.

GEORGE P. HARRISON and A. & R. B. BARNES, contra.

HARALSON, J.—The plaintiff having made a *prima facie* case against the defendant, the burden was cast on it, to show that the accident could not have been prevented by the exercise of due diligence, and the application of all reasonable preventive efforts to avert it.

The engineer, the only eye witness to the killing of the cow, testified to facts tending to show, that the cow was in a position of danger when he first discovered her, only a short distance ahead of him,—about 25 yards,—at the edge of an embankment, and maintaining a sharp lookout ahead, he had not discovered her sooner. His testimony further shows, that immediately on discovering

[Murphy v. Wood.]

her, he used all efforts to avoid any danger to her, but she attempted to cross the track ahead of the engine and was killed. On this evidence, under the repeated decisions of our court, the general charge in favor of the defendant, might have been given by the court. What is said in *Savannah & Western R. R. Co. v. Jarvis*, 95 Ala. 149, to the effect, that the sufficiency of the evidence to overcome plaintiff's *prima facie* case, and to rebut the presumption of negligence on the part of the railroad company, is a question of fact for the determination of the jury, and that the general charge in favor of the defendant cannot, in such a case, be given, is an erroneous statement, contrary to the current of our decisions on the question, and to that extent is overruled.—*Cen. R. R. & B. Co. v. Ingram*, 95 Ala. 152.

The evidence of the witness, Wright, introduced by the defendant, authorized the jury to draw inferences not in harmony with the statements of the engineer, and to believe that he might have discovered the cow sooner than he did, and in time, to prevent the accident, by employing proper available means to do so. In this state of the proof, the general charge for the defendant was properly refused.—*Rabitte v. Orr*, 83 Ala. 186, *Boyd v. The State*, 88 Ala. 169; 1 Brick. Dig. 335, §§ 1, 4.

Affirmed.