# Louisville & Nashville Railroad Co. v. Davis *et al.*

*Action against Railroad Company for killing Stock.*

1. *General affirmative charge; when it should not be given.*—The general affirmative charge to the jury should never be given when there is any conflict in the evidence as adduced on the trial of a cause, or adverse inferences can be drawn from such evidence.

2. *Same; when facts do not justify the giving of such charge.*—Where, in an action brought against a railroad company for the alleged negligent killing of a colt, the plaintiff testified that there were hoof prints along the centre of the track for 130 yards; showing that the colt had run along the track for that distance before being struck, and the engineer operating the engine which killed the colt testified for the defendant, that when he first saw the colt it was within 30 feet of his engine, climbing an embankment, and was attempting to cross the track of defendant when it was struck, the general affirmative charge in behalf of the defendant is properly refused.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. JAMES T. JONES.

The appellees sued the appellant railroad company for killing a colt on the track of its line. The defendant

pleaded the general issue.   On the trial of the case, as is shown by the bill of exceptions, S. W. Davis, joint owner of the animal with T. E. Davis, testified, that it was killed by an engine of the defendant company, near Hurricane Bayou, being cut in two ; that his head and feet were lying on one side of the track, the hind legs on the other, and the entrails strewn along the middle of the track; that he saw tracks for the distance of 130 steps which looked like this colt's tracks, as if in a run, along the railroad bed, going from the South towards the North. He also testified to the colt's value, as did other witnesses in the case.   This was all the evidence for the plaintiff.

But one witness, A. W. Mayson, was examined for the defendant, who testified that he was a locomotive engineer and had been for nine years; was in the employ of the defendant, and was running the engine that killed the colt; that he was running a passenger train going North consisting of the locomotive and four coaches, but at what rate of speed he did not state; that the headlight was standard, such as is used by all well regulated railroads, and was burning brightly; that he was keeping a steady lookout ahead, but did not see the colt until his engine was within thirty or forty feet of it; that it was then about five feet from the track and down on an embankment about five feet high, in the act of climbing up the embankment and crossing the track, from East to West ; that he immediately applied the air-brakes, but before he could do anything else, the colt was on the track and the train was running over it ; that he did all in his power, and everything known to skillful engineers to avoid killing the animal, and there was nothing that could have kept it from being killed ; that he could see only 150 yards ahead of him by means of the headlight, and the train could have been stopped within that distance ; that he could not have seen the colt, before he did see it, and could not see it after it got in front of the engine, as it was so near, as to be under the headlight. The night was a very dark one.   This was all the evidence.

The defendant requested in writing the general affirmative charge in its behalf ; and duly excepted to the court's refusal to give it.   There were verdict and judgment for plaintiff, for the value of the colt.   The defendant prosecutes the present appeal, and assigns as error the

refusal of the court to give the general affirmative charge in its behalf, and the judgment rendered.

RAY RUSHTON, for appellant —Where the evidence is without conflict, the affirmative charge should be given in actions of this nature as in other cases.—*A. G. S. R. R. Co. v. Moody*, 90 Ala. 46; *S. & N. A. R. R. Co. v. Jones*, 56 Ala. 507.

GUY C. SIBLEY, *contra*.—The burden of proof was upon the railroad company to show that there was no negligence on its part, or on the part of its servants or agents. Code of 1886, §§ 1144, 1147 ; Acts 1886-87, p. 146; *M. & O. R. R. Co. v. Williams*, 53 Ala. 599; *S. & N. A. R. R. Co. v. Brown*, 53 Ala. 654 ; *S. & N. A. R. R. Co. v. Thompson*, 62 Ala. 499 ; *Clements v. E. T. V. & G. R. R. Co.*, 77 Ala. 533 ; *A. G. S. R. R. Co. v. McAlpine*, 80 Ala. 76; *Ga. Pac. Railway Co. v. Hughes*, 87 Ala. 615; *L. & N. R. R. Co. v. Kelsey*, 89 Ala. 287; *Bir. Un. Railway Co. v. Hale*, 90 Ala. 12.

2. There was conflict in the testimony as to whether the railroad company was negligent or not. Therefore, the general affirmative charge asked by the defendant was properly refused.—*S. & N. A. R. R. Co. v. Jones*, 56 Ala. 507; *M. & C. R. R. Co. v. Lyon*, 62 Ala. 75; *Vandeventer v. Ford*, 60 Ala. 610 ; *Life Asso. v. Neville*, 72 Ala. 522; *Wheeler v. McGuire*, 86 Ala. 406.

HARALSON, J.—1. According to the decisions of this court, if a railroad company knowingly runs its trains, in the absence of intervening unusual natural causes, under such conditions as would make it impossible for those in charge to prevent injuring stock straying on its track, and injury results, it is accountable for the loss. And these conditions are said to exist, when the train is run in the night time, at such a fast rate of speed that, by reason of the darkness of the night, stock can not be seen by the aid of a headlight, in time to prevent the injury, by use of the ordinary means and appliances usually found on railroad trains.—*Central R. R. & B. Co. v. Ingram*, 98 Ala. 395; *Birmingham M. R. R. Co. v. Harris*, 98 Ala. 326.

2. This principle is consistent with that other, so often declared, that if the obstruction appear on the track,

or in dangerous proximity to it, so near to it, that no sufficient space intervenes for stopping the train, then a failure to resort to some, or all of the precautionary measures to stop the train would be blameless, if a proper lookout to discover the obstruction had been maintained. And the rule provides, that proof of injury raises the presumption of negligence, and casts on the railroad company the burden of disproving it.—*Birmingham M. R. R. Co. v. Harris, supra; E. T. V. & G. Railroad Co. v. Bayliss,* 74 Ala. 159 ; *N. O. & S. Railroad Co. v. Jones,* 68 Ala. 48 ; *M. & O. Railroad Co. v. Williams,* 53 Ala. 595.

3.   If the defendant's evidence were all, or, if there were no evidence in the case in conflict with it, we would have no difficulty in holding, that the general charge should have been given for the defendant. But, the plaintiffs' evidence was relevant,—if weak and inconclusive,—to show that the colt was on and running along the track, for 130 steps before it was struck, whereas the engineer testified, when first seen, it was at the foot of a five feet embankment, climbing up to cross the track, and was run over.   His statement forbids the idea, that the animal had run along and on the track at all.   If it be true that it had been running 130 steps on the road bed before it was struck, defendant's evidence receives contradiction at that point, and it would also tend strongly to show, that the engineer had not been maintaining a proper lookout, or he might have seen the colt in time to save it.   The case is not different in principle from that of the *L. & N. R. R. Co. v. Gentry, ante,* p. 635.

Under the evidence, we apprehend the court below could hardly have given the general charge for the defendant, but properly referred the matter to the jury.

Affirmed.

103  664
108  258

103  664
f127 471

103  664
129  398

103  664
132  657

103  664
138  177

103  664
141  559

103  664
144  390