# Central of Georgia Railway Co. v. Stark.

*Action against Railroad Company to recover Damages for Killing a Mule.*

126  365
129  461
129  487
126  365
189  443

126  365
141  355
142  381
142  382

126  365
143  151
143  152

1. *Negligence; liability of railroad for killing stock.*—The running of a railroad train at such a rate of speed as renders it impossible for the servants or employes having the management of it, to avoid injury to animals straying on the track, is negligence, rendering the railroad company liable for consequent injuries.

2. *Same; same.*—Where, in the running of a railroad train, the engineer in control of the engine is competent and keeps a proper lookout, but does not and can not see a mule or other animal on or in close proximity to the track and such animal comes suddenly thereon, so close to the train that the engineer can not stop in time to prevent the accident, the railroad company is not liable for injury to such animal.

3. *Same; same; charge to the jury.*—In an action against a railroad company to recover damages for the alleged negligent killing of plaintiff's mule, a charge which predicates a verdict for the defendant upon the fact that the mule came upon the track so suddenly and so close to the train that the engineer could not stop the train in time to prevent the accident, but which fails to hypothesize that the engineer might have discovered the mule sooner by keeping a proper lookout, is erroneous and properly refused.

4. *Same: same; same.*—In such a case, a charge which instructs the jury that if they believe from the evidence that the engineer was keeping a proper lookout and that the mule could not be seen by the engineer until it was very near the track and he then used all means known to skillful engineers to stop the train, but it was impossible to prevent the injury, then a verdict should be for the defendant, is properly refused when there was evidence tending to show that the train was running at such a rate of speed as that it was impossible for the servants or employes having the management of it to avoid the injury to the mule, after its discov-

ery by the engineer, although the train might have been so operated as to have avoided the injury.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. A. A. EVANS.

This was an action brought by the appellee, William E. Stark, against the Central of Georgia Railway Company, to recover damages for the alleged negligent killing of a mule by one of the trains oper-. ated on its road. The facts of the case are sufficiently stated in the opinion.

The court, at the request of the plaintiff, gave to the jury the following written charge: "The court charges the jury that if at the time the mule came upon the railroad track, or in dangerous proximity thereto, the train was a quarter of a mile or more distant therefrom, and the engineer, by keeping a proper lookout could have seen the mule when he so came on or in dangerous proximity to the track, and that defendant was running its train under such conditions, or at such a rate of speed as to make it impossible for the servants or agents having the management of it, to avoid injury to the mule in question, then the jury must find for the plaintiff."

The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following charges requested by it: (1.) "If the jury believes the evidence in this case they must find a verdict for the defendant." (2.) "The court charges the jury that if they believe from the evidence that the mule came out of a skirt of woods adjoining the right-of-way when the engineer first saw it, and that this skirt of woods was off the right-of-way, and that when he saw the mule it was coming towards the track out of said skirt of woods, in a run, that the engineer immediately blew the cattle alarm and did all that he could have done to prevent the injury to the mule, then the plaintiff can not recover, and your verdict must be for the defendant." (3.) "The court charges the jury that if they believe from the evidence that the engineer was keeping a proper lookout and that the mule came out of some bushes off the right-of-way and on

the right-of-way and then on to and down the track, and that the mule could not be seen by the engineer by keeping a proper lookout until it came out of the bushes, and that the engineer did not see the mule when it came out of the bushes and on to the right-of-way and on the track; and that the engineer, when he first saw the mule, used all means known to skillful engineers to stop the train, and also to frighten the mule from the track, and that it was impossible to prevent striking and killing the mule, then your verdict must be for the defendant."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the giving of the charges requested by the plaintiff, and the refusal of the charges requested by the defendant.

G. L. COMER, for appellant, cited *L. & N. R. R. Co. v. Brinkerhoff*, 119 Ala. 606; *Choate v. Southern R. Co.*, 119 Ala. 611; 24 So. Rep. 373; *N. C. & St. L. R. Co. v. Hembree*, 85 Ala. 481.

B. DEG. WADDELL, contra, cited *L. & N. R. R. Co. v. Cochran*, 105 Ala. 354.

HARALSON, J.—The decisions of this court have settled the principle, that "the running of a train under such conditions, or at such rate of speed, as renders it impossible for the servants or agents having the management of it, to avoid injury to animals straying on the track, is negligence, rendering the company liable for the consequent injury."—*L. & N. R. R. Co. v. Cochran*, 105 Ala. 354; *Birmingham Mineral Railroad Co. v. Harris*, 98 Ala. 326; *C. R. R. & Banking Co. v. Ingram*, *Ib.* 395; *L. & N. R. R. Co. v. Davis*, 103 Ala. 661; *L. & N. R. R. Co. v. Kelton*, 112 Ala. 533. Another principle, consonant with the foregoing, and as well settled is, that if the engineer is competent, and keeping a proper lookout, and does not see and cannot see the approaching animal on or in dangerous proximity to the track, and it comes suddenly thereon, so close to the train that the engineer cannot stop in time to prevent the accident, the company is not liable for the injury done to the ani-

mal.—*L. & N. R. R. Co. v. Brinkerhoff*, 119 Ala. 606;
*Choate v. So. Railway Co., Ib.* 611; *L. & N. R. R. Co. v.
Davis*, 103 Ala. 661; *N., C. & St. L. R. Co. v. Hembree*,
85 Ala. 481.

The evidence of defendant tended to show, that the
mule was killed between 9 and 10 o'clock in the morn-
ing, about 300 yards from a private road crossing; that
the train was very heavy, consisting of an engine and
twenty or twenty-five loaded freight cars, and was run-
ning about 25 miles an hour at the time of the accident,
was well equipped and manned, and the engineer was
keeping a steady lookout down the track at the time;
that the track at the place where the mule was killed
was straight for a mile towards where the accident oc-
curred, and was a heavy down grade to within about 300
yards where the mule was struck, and from that point,
east, the way the train was running, the grade became
considerably higher for half a mile to the top of the hill;
that when about 300 yards from the private road cross-
ing, the engiñer first saw the mule running towards the
track, out of a skirt of woods off but adjoining the right
of way of the railroad, and he could not have seen him
sooner because of the woods; that the mule ran to the
track and instead of crossing, he turned and ran up the
side of the track, and about three feet therefrom, meet-
ing the engine, and after running about 75 or 80 yards,
he wheeled and jumped on the track just ahead
of the engine and ran a short distance when it
was overtaken and killed; that from the time the
engineer first saw the mule, he sounded the cattle alarm
and did all that any skillful engineer could do to stop
the train, and that nothing could have been done in that
time to save it. The engineer testified, "that said freight
train, considering its speed, weight and the track where
the mule was first discovered when it came out of the
skirt of woods and towards the track, could not have
been stopped in less distance than about a half mile by
using all appliances for stopping the train."

The bill of exceptions states: "The plaintiff intro-
duced evidence tending to show, that the freight train
which killed said mule was about one quarter of a mile
or more from said private road crossing, when said mule

came upon the road bed at said private road crossing, and that the engineer of the train, by keeping a proper lookout could have seen said mule when he came upon the roadbed at said private crossing; that the mule ran down west from said private road crossing, and on the north side of the track, meeting the train, about 110 or 115 yards, and then wheeled and jumped on the track, and ran, east, down the track about 15 or 20 feet when it was struck and killed."

The charge asked by and given for the plaintiff, when applied to the evidence was, on the principles above announced, free from error.

The 2d charge requested by defendant and refused, failed to hypothesize that the engineer was keeping a proper lookout, and might not have discovered the mule earlier. Furthermore, conceding all the charge hypothesizes favorable to defendant, the evidence tends to show that the train was being run at such a rate of speed, and under such conditions, as rendered it impossible for the servants or agents having the management of it, to avoid injury to the animal, and that it might have been so operated as to avoid the injury.

This last criticism of the charge is equally applicable, for the condemnation of charge three, requested by defendant and refused.

Affirmed.