# Anniston Electric & Gas Co. *v.* Hewitt.

*Action against Street Railroad for Negligent Killing of Cow.*

1. *Street railroad; negligence in running car.*—The principle that where railroad trains are run under conditions which render it impracticable for those in charge thereof to prevent the injury to stock straying upon their tracks, the company is liable for injury resulting to the stock, is applicable to street railroads.

2. *Same; when negligence shown.*—Where a street railroad is run in the night time at a rate of speed in violation of city ordinances, and so rapidly that it could not be stopped within twenty steps, which was the distance a cow was seen upon its track, there is such negligence on the part of the motorman as authorizes a recovery for the injury to the cow.

APPEAL from the City Court of Anniston.

Tried before the Hon. THOS. W. COLEMAN, JR.

This action was brought by the appellee, Robert E. Hewitt, against the Anniston Electric & Gas Company, to recover damages for the alleged negligent killing of the plaintiff's cow, by a street car operated by the defendant. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

LAPSLEY, ARNOLD & MARTIN, for appellant, cited *Choate v. Southern Railway*, 119 Ala. 611; *McAlpine's Case*, 175 Ala. 113; *A. G. S. R. R. Co. v. Chapman*, 80 Ala. 615; *L. & N. R. R. Co. v. Brinkerhoff*, 119 Ala. 606; *Cen. of Ga. R. R. Co. v. Stark*, 126 Ala. 365; *Southern R. Co. v. Reeves*, 129 Ala. 457.

ROSS BLACKMON, *contra*, cited Code, §§ 3440, 3441, 3442, 3443; *Bir. R. Co. v. Hale*, 90 Ala. 12; *L. & N. R.*

*Co. v. Kelsey,* 89 Ala. 287; *Ga. Pac. R. Co. v. Hughes,* 87 Ala. 615; *L. & N. R. Co. v. Davis,* 103 Ala. 661.

HARALSON, J.—The law is well settled that rail-road companies that knowingly run their trains under conditions rendering it impracticable for those in charge to prevent injuring stock straying on their tracks, are accountable for the loss when injury results.—*B. M. R. R. Co. r. Harris,* 98 Ala. 326; *L. & N. R. R. Co. v. Davis,* 103 Ala. 661; *L. & N. R. R. Co. v. Cochran,* 105 Ala. 354; *L. & N. R. R. Co. v. Kelton,* 112 Ala. 533; *C. of Ga. R. R. Co. v. Stark,* 126 Ala. 367.

This principle applies, when needful for the protection of life and property, to a railroad on which electricity is used as the moving power, as well as to one operated by steam.—*L. & N. R. R. Co. v. Anchors,* 114 Ala. 493, 504, 505.

The law enjoined the motorman operating defendant's car, the duty to keep a lookout for live stock, and not to run his car at such a rate of speed that he could not stop it within the distance he could see the plaintiff's cow. The only qualification of this rule is, that where, —such duties being observed by the engineer or motorman,—the animal comes suddenly upon the track, so close to the engine that the engineer cannot stop in time to prevent running over it, in which case its destruction cannot be ascribed to defendant's negligence.—*L. & N. R. R. Co. v. Brinkerhoff,* 119 Ala. 606; *C. of G. R. R. Co. v. Stark,* 126 Ala. 367.

In this case, the evidence showed without conflict, that by an ordinance of the city of Anniston, in the corporate limits of which city plaintiff's cow was killed, it was ordained, that "No person shall run, or cause to be run, any railroad train, car or engine, within the corporate limits of Anniston, faster than at the rate of six miles an hour." The evidence satisfactorily showed that the car was running, at the time of the accident, over six miles an hour. The motorman testified it was running about ten miles an hour. He also testified, that a car running at an ordinary rate of speed can be stopped within a distance of about thirty steps. Other

evidence tended to show that it can be stopped within a distance of twenty-five or thirty steps, and that it could not be stopped within fifteen or twenty steps. The motorman also testified that when he first saw the cow, she was running up a bank about twenty feet ahead of the car; that he put the brakes on immediately as tight as he could, and did all he could to stop the car, that he could not see over twenty feet in front of the car, and it was impossible to stop it within that distance. The killing occurred in the night time, and the track was straight and free from objects calculated to obstruct the view of the motorman.

From this it appears that the car was being run in the night time, at a speed which was in violation of the city ordinance, and so rapidly, as that it could not be stopped within the distance the cow was seen when she came on the track—twenty steps ahead.

The court below, trying the case without a jury, found for the plaintiff, and rendered a verdict and judgment in his favor for $30, the value of the cow as shown by the evidence. It has not been made to appear that this judgment was erroneous.

Affirmed.