# Central of Georgia Ry. *v.* Larkins.

## *Action against Railroad Company to recover Damages for Killing Stock.*

1. *Pleading and practice; when error in sustaining demurrer to plea without injury.*—Where the facts alleged in a special plea can be introduced in evidence under the plea of the general issue, and it affirmatively appears that the defendant under plea of the general issue had the benefit of the same defense which it sought to interpose by the special plea, the sustaining of a demurrer to such special plea, if erroneous, is error without injury.

2. *Action against railroad company for killing stock; general affirmative charge.*—In an action against a railroad company to recover damages for the killing of two mules, where there is evidence from which the jury can infer that the employees of the defendant might have discovered the mules in time to have prevented the killing of them, by employing the proper means therefor, and that said employees were negligent in not averting the accident, the general affirmative charge requested by the defendant is properly refused.

3. *Same; charge of court to jury.*—In an action against a railroad company to recover damages for killing two mules, it was shown that the mules were killed by a freight train of the defendant on its road in the daytime, and where the mules were killed, the track was straight for several miles in the direction from which the train was approaching, but there was an up-grade to a point 200 yards from where the mules were first struck by the train; that at the point where the mules were struck, the track rested on an embankment 5 or 6 feet high. The evidence for the plaintiff tended to show that the sides of the embankment at such point were so steep that it would be very difficult for a mule to go up the embankment. There was testimony tending to show that the mules could not have been seen by the engineer until the engine reached the crest of the grade. The engineer in control of the engine testified that when he first saw the mules, they were standing immediately by the side of the track on the embankment, and that when the engine got within 100 or 125

[Central of Georgia Ry. v. Larkins.]

yards of the mules, they suddenly ran up the embankment
on to the track; that he immediately applied the air brakes
and did all that a prudent and careful engineer could do to
stop the train, that he was on the lookout in the direction
in which the engine was going, and that it was impossible
by all· means known to skillful engineers to have stopped
said train after he first saw the mules before they were
struck. A witness for the plaintiff testified that when the
train was a quarter of a mile away from the mules, they were
on the track, and that the engineer gave but one blast of the
whistle, and that the train never slacked its speed until after
the mules were killed. *Held*: A charge is erroneous and
properly refused which instructs the jury that, "If the jury
believe from the evidence that the engineer of the defendant's
train was on the lookout in the direction in which the train
was going, and that he could only see the mules a distance of
200 yards, then they must find for the defendant."

4. *Same; same.*—In such a case, a charge is erroneous and properly
refused, which instructs the jury that, "If the jury believe
from the evidence that when the mules were discovered by
the engineer, and that the engineer was on the lookout in the
direction in which the train was going, it was impossible to
have stopped the train, by all the means known to skillful
engineers, then they must find for the defendant"; such charge
ignoring the evidence which tended to show that the engineer
did not make use of the cattle alarm, and there was no slack
in the speed of the train.

5. *Same; same.*—In such a case, a charge is erroneous and prop-
erly refused which instructs the jury that, "If the jury be-
lieve from the evidence that the mules were down at the foot
of an embankment, and remained there until the train was
within 100 yards of them, and that they then ran up the
bank, when the train was so close to them that it was
impossible to stop the train by all means known to skillful
engineers, they must find for the defendant;" such charge
failing to hypothesize that the engineer was keeping a
proper lookout, and might not have discovered the mules
earlier.

6. *Same; same.*—In such a case, a charge is properly refused which
instructs the jury that, "The court charges the jury that they
cannot captiously reject the testimony of any witness, and if
they further believe from the evidence that the engineer was
the only witness who saw the mules when they came on the
track, and if they believe his testimony, then they must find

for the defendant;" such charge giving undue prominence to the testimony of the engineer.

7. *Same; same.*—In such a case, a charge is erroneous and properly refused which instructs the jury that, "The court charges the jury that the defendant had the right to run its trains at any rate of speed it saw fit at the time and place when and where the injury happened."

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The facts relating to the rulings of the trial court upon the pleadings and showing the tendency of the evidence introduced, are sufficiently shown in the opinion. From the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of said charges as asked: (1.) "The court charges the jury that if they believe the evidence, they must find for the defendant." (5.) "The court charges the jury that there is no evidence that the engineer was guilty of any negligence in failing to stop the train." (7.) "If the jury believe from the evidence that the engineer of the defendant's train was on the lookout in the direction in which the train was going, and that he could only see the mules a distance of 200 yards, then they must find for the defendant." (8.) "If the jury believe from the evidence that when the mules were discovered by the engineer, and that the engineer was on the lookout in the direction in which the train was going, it was impossible to have stopped the train, by all the means known to skillful engineers, then they must find for the defendant." (10.) "The court charges the jury that they cannot captiously reject the testimony of any witness, and if they further believe from the evidence that the engineer was the only witness who saw the mules when they came on the track, and if they believe his testimony, then they must find for the defendant." (11.) "If the jury believe from the evidence that the mules were down at the foot of an embankment, and remained there until the train was within 100 yards of them, and that they then ran up the bank, when the train

was so close to them that it was impossible to stop the train by all means known to skillful engineers, they must find for the defendant." (14.) "The court charges the jury that the defendant had the right to run its trains at any rate of speed it saw fit at the time and place when and where the injury happened."

There were verdict and judgment for $275 in favor of the plaintiff. Thereafter the defendant made a motion for a new trial, upon the ground that the verdict of the jury was contrary to the evidence, and the law, and that the court erred in its several rulings in the trial of the case. This motion was overruled, and the defendant duly excepted. The defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

CHAS. P. JONES, for appellant.

HILL, HILL & WHITING, contra.—If there was error in sustaining the demurrer to the defendant's special plea No. 2, it was error without injury, the defendant having had the full benefit of the defence presented thereby under its plea of the general issue.—L. & N. R. R. Co. v. Hall, 131 Ala. 161. The court did not err in its refusal to give the general affirmative charge requested by the defendant. Under the evidence in the case as to whether there was negligence on the part of defendant's employees is a question for the jury.—Chatta. Sou. R. R. v. Wilson, 124 Ala., 444; Central of Ga. v. Dumas, 131 Ala. 173; A. G. S. R. R. Co. v. Boyd, 124 Ala. 528.

DENSON, J.—This suit was brought by Caroline Larkins against the railroad company for the recovery of damages for the alleged negligent killing of two mules, the property of plaintiff, by defendant on its track, at a point between the city of Montgomery and Barachias, in the county of Montgomery.

The defendant filed two pleas in answer to the complaint, the first of which is the general issue, and the other plea, number 2, is in the following language, to wit: "For further answer to the complaint defendant says

that the mules, which are the subject of this suit, came suddenly on the track when the defendant's engine was so close to the animals that it was impossible to stop said train in time to avoid the accident." The judgment entry recites that plea number 2 was demurred to, and further shows that the demurrer was sustained, but we fail to find the demurrer set out anywhere in the record. Issue was joined between the parties presumably on the first plea, the plea of the general issue. It is quite apparent that all matters which might have been given in evidence under the second plea would have been competent as evidence under the general issue, and we may add, that the record shows affirmatively that the appellant had under the general issue, the benefit of the same defense which it sought by its second plea to set up. It, therefore, follows, in accordance with previous decisions of this court, that the action of the court in sustaining the demurrer to defendant's plea two, if error at all, was error without injury to the defendant.—*L. & N. R. R. Co. v. Hall,* 131 Ala. 161; *United States Fidelity & Guaranty Co. v. Damskibsaktieselskabet Habil,* 138 Ala. 348.

One of the rulings of the court below which constitutes an assignment of error, was the refusal of the court to give the general affirmative charge with hypothesis, requested in writing by the defendant.

The evidence without conflict showed that two mules, the property of the plaintiff, were killed by a freight train of the defendant on its road at a point between Montgomery and Barachias in Montgomery county, about the 18th day of January, 1903, in the day time, and that the mules were of the value of two hundred and seventy-five dollars. The evidence further showed that from the point where the mules were struck by the engine, in the direction from which the train was approaching, the road was straight for several miles, but that the road was up grade to a point two hundred yards from the point on the road where the mules were first struck, and that the summit or crest of the grade was 200 yards from the place where the mules were struck, in the direction from which the train was approaching. The evidence further showed, that the road at the point where the

mules were struck, rested on an embankment which was five or six feet high. There was evidence for the plaintiff tending to show that the sides of the embankment where the mules were struck were very steep, so steep that it would be very difficult for a mule to go up the embankment. There was testimony tending to show that the mules could not have been seen by the engineer until the engine reached the crest of the grade. The testimony also showed that the mules were dragged forty or fifty feet after they were struck before they were thrown off the track.

Binion, the engineer who was in control of the engine, testified when he first saw the mules they were standing immediately by the side of the *"track embankment"* and were not feeding; that the embankment was five or six feet high, and when his engine got within one hundred or one hundred and twenty-five yards of the mules, they suddenly ran up the embankment and on the track; that his train was a freight train composed of an engine tender and twelve empty freight cars and was about five hundred and twenty feet long; that he immediately applied the air brakes and that the effect of this was to apply the brakes to the driving wheels of the engine as well as to the wheels of the cars in the train; that he did not reverse his engine because whenever an engine is equipped with what is called the driver brake a train can be stopped more quickly by applying those brakes by means of the air than it could be by reversing the engine and applying the brakes as well; that after he applied the air brakes there was nothing more that a prudent and skillful engineer could do to stop the train. That the brakes on said train were in good order and when applied they held and retarded the speed of the train. He further testified that it was impossible by all the means known to skillful engineers to have stopped said train after he first saw said mules and before they were struck, and that he was on the lookout in the direction in which the engine was going and that he could not have seen the mules any sooner than he did because of the grade of the road and the cut through which the road ran; that even

if they had been on the track they. could not have been seen more than two hundred yards from the summit of the grade. He further swore that the mules were killed fifteen or twenty yards from the trestle in the bottom. Vaughn, a witness for plaintiff in rebuttal swore that the trestle referred to by the witness Binion was one-fourth of a mile from the crest of the grade.

Thomas, a witness for the plaintiff, swore that he was walking along by the side of the railroad when the train passed him and that he was about a fourth of a mile from the point where the mules were killed at the time the train passed him; that he saw the mules before the train passed him and that they were then on the track, and that the first thing he saw after the train passed him, was one of the mules on the cow-catcher, and that just as the train struck the first mule it gave but one blast of the whistle, and this was all the blowing it did; that the train never slacked its speed until after it had killed the mules.

It is apparent that there was sufficient conflict in the evidence to justify the court in refusing the affirmative charge. From Thomas and Vaughn's evidence the jury would have been warranted in drawing inferences not in harmony with the engineer's evidence, and in believing that he might have discovered the mules sooner than he testified that he did, and in time to prevent the killing of the mules, by employing proper available means to do so.—*L. & N. R. R. Co. v. Gentry*, 103 Ala. 635; *Chatta-nooga & Southern R. R. Co. v. Daniel*, 122 Ala. 362; *Central of Ga. Ry. Co. v. Stark*, 126 Ala. 365; *Southern Ry. Co. v. Sport*, (Ala.) 37 South 344.

For the same reasons which have been given in justification of the court's refusal to give the affirmative charge, there was no error in the refusal of charge numbered 5.

Refused charge number 7, asked by defendant, is obviously not a correct statement of the law, and in its refusal there is no error. Charges 8 and 11, ignore the evidence which tended to show that the engineer did not make use of the cattle alarm and that there was no slack in the speed of the train. Charge 11 also, fails to hypo-

thesize that the engineer was keeping a proper lookout and might not have discovered the mules earlier. There was no error in refusing charges 8 and 11.—*Chattanooga Southern Railway v. Daniels, supra.*

Charge 10 gives undue prominence to the testimony of the engineer, Binion, and for this reason, if for none other, the refusal of the charge was not error. The court committed no error in refusing charge 14.—*L. & N. R. R. Co. v. Cochran,* 105 Ala. 354; *Central of Georgia Ry. Co. v. Stark, supra; Kelton's Case,* 112 Ala. 533; *Anniston Electric Co. v. Hewitt,* 36 South 39; s. c. 139 Ala. 442.

The court rightly refused to grant the motion for a new trial. There being no error in the record, the judgment of the city court is affirmed.

Affirmed.

McCLELLAN, C. J., HARALSON and DOWDELL, J.J., concurring.