# Central of Ga. Ry. Co. *v.* Simons.

## *Damages For Killing Stock.*

(Decided June 8, 1909.   50 South. 50.)

1. *Appeal and Error; Harmless Error; Exclusion of Evidence.*— Where a witness subsequently testified without objection to the facts sought to be elicited by a question previously asked to which objection was sustained, the sustaining of the objection, if error, was harmless.

2. *Railroads; Injury to Stock; Jury Question.*—It cannot be said as a matter of law that the killing of the cow on the track was the proximate result of the failure of the engineer to reverse the engine or to apply the brake, or that if the train had been stopped sooner the injury might have been averted, and this is true notwithstanding the engineer may have been negligent in failing to reverse or in not applying the emergency brake, and the cause assigned by him for not doing so may not have been sufficient.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by M. F. Simons against the Central of Georgia Railway Company, for damages for killing a cow. The court gave the affirmative charge for the plaintiff and the defendant appeals. Reversed and remanded.

ESPY & FARMER, for appellant.—Negligence alone does not give a right of action unless the negligence re-

sults in injury.—*E. T. V. & G. R. R. Co. v. Bayliss,* 75 Ala. 472; *Clements v. E. T. V. & G. R. R. Co.,* 77 Ala. 537; *E. T. V. & G. R. R. Co. v. King,* 81 Ala. 84. A failure to comply with the statute is not in every case an actionable wrong.—*H. K. B. & M. Co. v. Bir. R. & E. Co.,* 100 Ala. 425; *M. & G. R. R. Co. v. Caldwell,* 83 Ala. 199; *N. C. & St. L. v. Hembree,* 85 Ala. 485; *G. P. R. R. Co. v. Hughes,* 87 Ala. 615; *Flippo's case,* 138 Ala. 498. On these authorities it is insisted that the court erred in giving the affirmative charge.

R. D. CRAWFORD. for appellee.—Counsel discusses assignments of error and insist that there was a violation of section 3440, Code 1896, and that the plaintiff was, therefore, entitled to the affirmative charge.

MAYFIELD, J.—This is an action of case, by appellee against appellant railroad company, to recover damages for the negligent killing of a cow of the plaintiff by the agents of the defendant railroad company. The trial was had upon the general issue, and resulted in a verdict and judgment for the plaintiff in the sum of $24. From this judgment the defendant appeals and assigns as error: First and second, the sustaining of objections to questions propounded by defendant's counsel to the engineer; and, third, the giving of the written affirmative charge for the plaintiff, by the court, at the request of the plaintiff.

It is unnecessary to decide whether or not there was error in sustaining objection to the questions propounded to the witness Walker, who was the engineer in charge of the train which killed the cow, the subject-matter of the suit, for the reason that, if it were error (which we do not decide), it was clearly without injury, because it affirmatively appears that the witness testi-

fied without objection to the identical facts sought to be elicited by the question to which objections were sustained.—*Kroell v. State,* 139 Ala. 1, 36 South. 1025; 5 Mayfield's Digest, p. 355.

As to the third and last assignment of error—the giving of the written affirmative charge at the request of the plaintiff—the court is of the opinion that this was reversible error. While there was no dispute or conflict that the cow, the property of the plaintiff, was killed or injured by the train of the defendant company, and while it may be said that the defendant railroad company, or its agents in charge of the train at the time and on the occasion complained of, were guilty of negligence and while it is admitted that the train could have been stopped sooner if the emergency brakes had been applied and the engine reversed (which affirmatively appears was not done), yet it was a question for the jury to say whether or not such negligent acts shown by the evidence, or the failure to stop the train as soon as it could have been stopped, was the proximate cause of the injury. This was clearly a question of fact for the jury, and not one of law for the court. It was open for the jury to find, under the evidence shown by this record, that although the train could have been stopped sooner by the application of the emergency brakes, or by a reversal of the engine, it could not have been stopped in time to prevent the injury complained of. It was also an open question for the jury whether the engineer in charge of the train was guilty of negligence in failing to sooner observe the dangerous proximity of the animal to the track, and if they should find that he was guilty of no negligence in failing to sooner observe the animal, he having testified that he used every means within his power known to skillful engineers in order to stop the train, and that if he had applied the emergency brakes

[Central of Ga. Ry. Co. v. Simons.]

or reversed his engine he would have endangered the lives of himself and his crew, it was then a question of fact, which could be determined only by the jury, from this and the other evidence, as to whether or not the defendant company was guilty of actionable negligence which proximately contributed to the injury complained of.

While the engineer may have been guilty of negligence in failing to reverse the engine or to apply the emergency brakes, and while the cause assigned by him for his failure so to do may not be sufficient (which, however, we do not decide), and though he admitted that he could and would have stopped his train earlier than he did if he had applied his emergency brakes and reversed his engine, yet it does not conclusively follow, as a matter of law, that the injury complained of was the proximate result of his failure to so apply the brakes or to reverse the engine, or that if the train had been stopped earlier the injury would have been averted. These were questions of fact which should have been left to the jury.— *So. Railway Co. v. Reaves,* 129 Ala. 457, 29 South. 594; *Choates's Case,* 119 Ala. 611, 24 South. 373; *Starke's Case,* 126 Ala. 365, 28 South. 411.

For this error the judgment must be reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, ANDERSON, and DENSON, JJ., concur.