[Western Railway of Ala. v. Moore.]

# Western Railway of Ala. *v.* Moore.

*Damage for Killing Stock.*

(Decided Dec. 1, 1910.    Rehearing denied Dec. 22, 1910.
53 South. 744.)

1. *Railroads; Killing Stock; Crossings; Signals.*—Section 5473, Code 1907, requires signals to be given and it is negligence for the operators of a train to fail to give said signal at the required places.

2. *Same; Evidence.*—The evidence in this case examined and held to sustain a finding that there was negligence in failing to give the crossing signal as required by section 5473, Code 1907, and that there was causal connection between the negligence and the injury.

Appeal from Selma City Court.

Heard before Hon. J. W. Mabry.

Action by William Moore against the Western Railway of Alabama, for damages for killing stock. Judgment for plaintiff and defendant appeals. Affirmed.

George P. Harrison, for appellant. Railroads are not responsible for the killing of stock were the engineer is competent and keeps a proper lookout and does not and cannot see the stock in time to prevent injury by the use of all means known to skillful engineers.— *L. & N. v. Brinkerhoff,* 119 Ala. 606; *So. Ry. v. Hogue,* 141 Ala. 352; *C. of Ga. v. Main,* 143 Ala. 149. The evidence shows unmistakably that the injury was unavoidable, that the animal came suddenly upon the track in close proximity to the train, and plaintiff cannot recover.—*Moody's Case,* 90 Ala. 46; *Caldwell's Case,* 83 Ala. 196; *Roebuck's Case,* 76 Ala. 277; *Hembree's Case,* 85 Ala. 481; *Jarvis' Case,* 95 Ala. 149. Admitting that the failure to give the crossing signal happened and that it was negligent, yet no causal connection is shown to have existed between this negligence and the injury,

and this is essential.—16 A. & E. Enc. of Law, 436; *W. Ry. of Ala. v. Mutch,* 97 Ala. 194; Wharton on Neg. Sec. 75; *Staunton v. L. & N.,* 91 Ala. 385. The section alleged to have been violated was intended to protect persons having occasion to cross the track, and is for the benefit of warning the traveling public.—*A. G. S. v. Hawk,* 72 Ala. 112; *Hembree's Case; L. & N. v. Hall,* 87 Ala. 718; *L. & N. v. Markee,* 103 Ala. 173. The principal only extends to such injuries as are caused by non-observance of the rule.—*H-K. B. & M. Co. v. Bit. R. & E. Co.,* 100 Ala. 424.

REESE & REESE, for appellee. The burden was on the appellant to rid itself of the imputation of negligence. —*So. Ry. v. Crawford,* 51 South. 392; *So. Ry. v. Penny,* 51 South. 342. The failure to give the necessary signals is per se negligence.—Authorities supra. If any burden rested on appellee to show causal connection between the injury and the failure to observe the regulations, it is the intended and necessary result of the statute that such failure is to be treated as the efficient cause of the injury.—Secs. 5473-76, Code 1907; 53 Ala. 599; 98 Ala. 331; 50 Ala. 391, and authorities supra.

SIMPSON, J.—This is an action by the appellee for damages for the killing of a mule by the train of the defendant. The evidence shows that there are two public roads, within one-fourth of a mile of each other, and the station between them, and that the mule was killed between said public roads, and near and after passing the station.

Section 5473, Code 1907, requires the engineer or other person in control to "blow the whistle or ring the bell at least one-fourth of a mile before reaching any public road crossing or any regular station or stopping

place on such railroad, and continue to blow the whistle or ring the bell, at short intervals, until it has passed such crossing, or reached such station or stopping place;" and section 5476 places the burden of proof on the defendant to show compliance with the statute, and that there was no negligence. . The engineer states that he did not know that there was but one public road there, and that he rang the bell from the time he "got to the public road crossing until (he) got to the depot." On his cross-examination he says that he did know there was another crossing, and was ringing the bell for that crossing; but he does not say that he continued to ring it until the crossing was passed. The plaintiff testified that "the bell did not ring." The witness Walker testified that the mule was struck after the train passed the depot, and that no whistle was blown, or bell rung, after the train passed the depot.

A failure to comply with the statute is negligence.— *Southern Railway Co. v. Crawford,* 164 Ala. 178, 51 South. 340, 341; *Weatherly v. Nashville, Chattanooga & St. Louis Ry.,* 166 Ala. 575, 51 South. 959, 962. It was for the court, sitting as a jury, to determine whether or not there was negligence, and whether or not there was any causal connection between the negligence and the injury. While we could not say, as a matter of law, that there was any causal connection between the negligence and the injury (*Central of Georgia Railway Co. v. Simons,* 161 Ala. 337, 50 South. 50, 51), neither could we say, as a matter of law, that there was no such causal connection, or that the court, sitting as a jury, erred in its finding.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.