# Wells *v*. Louisville & Nashville Railroad Co.

*Damage for Injury to Animal and Buggy.*

(Decided May 30, 1912. 59 South. 343.)

1. *Appeal and Error; Record; Special Findings.*—Under the record in this case the appeal will be treated as presented on the general findings on the evidence as set out in the bill of exceptions, and not as to any special findings made by the court ex mero motu, or on requests .

2. *Same; Finding of Trial Court; Conclusiveness.*—Where the evidence is conflicting, the finding of the trial court sitting as a jury are as conclusive on appeal as a verdict of a jury.

3. *Same; Harmless Error; Evidence.*—Where the engineer testi-fied that the accident was not caused by noises unnecessarily reck-lessly or wantonly caused by him in such manner as to frighten plaintiff's horse, the plaintiff was entitled on cross examination to ask if he had not made certain statements inconsistent with his testimony, and a failure to permit such cross examination was prejudicial error, although persons to whom such statements were made testified thereto afterwards.

4. *Evidence; Report; Contents.*—Where the action was against a railroad company for damages for frightening a horse, and it ap-peared that the engineer made a written report to the company con-cerning the accident, the plaintiff was not entitled on cross examina-tion of the engineer to call for the contents of the report.

5. *Railroads; Crossing Accident; Negligence; Jury Question.*—The question as to whether the employees in charge of the train, which collided with plaintiff's horse and vehicle, were negligent, was a question of fact for the determination of the jury, under the evi-dence in this case.

APPEAL from Blount Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by R. M. Wells against the Louisville & Nash-ville Railroad Company, for damages for killing a horse and injuring buggy and harness in a railroad crossing accident. Judgment for defendant and plaintiff ap-peals. Reversed and remanded.

[Wells v. Louisville & Nashville Railroad Co.]

GEORGE W. DARDEN, for appellant. Under the cases of *C. of G. Ry. Co. v. Fuller,* 164 Ala. 196, and *A. G. S. R. R. Co. v. Fulton,* 144 Ala.. 332, plaintiff was entitled to recover under section 5473, Code 1907, on the theory advanced by his second count. Counsel discusses assignments of error relative to evidence, and insists that the contents of the report was collateral matter and parol evidence should have been received.—159 Ala. 512.

W. A. WEAVER, for appellee. The judgment and special findings cannot be reviewed on appeal unless presented by the bill of exceptions.—*McCain Bros. v. Street,* 136 Ala. 625. The report made by the engineer was not evidence for either party.—*Culver v. Ala. Mid.* 18 South. 827; *A. G. S. v. Taylor,* 29 South. 673. A witness cannot be impeached upon immaterial matter. —*McLendon v. Grice,* 24 South. 846; *Steinhart v. Bell,* 80 Ala. 208. Other witnesses were permitted to answer the question, and hence, any error was cured.—2 Mayf., parag. 872.

PELHAM, J.—Suit was brought in the circuit court by the appellant against the appellee to recover damages for killing a horse and the destruction of a buggy and harness, alleged to have been due to the negligence of the defendant in the operation of one of its freight trains. The case was tried before the court, without a jury, and a judgment rendered for the defendant, from which the appellant prosecutes this appeal.

Before entering upon the trial, as recited by the bill of exceptions, "the court, or judge, was asked for a special finding as to the facts and law." The appellant does not make the special finding of facts by the court

the basis for the assignment of error, and insists that such findings cannot be considered, as they are shown to have been filed about six months after the judgment was rendered, and subsequent to the signing of the bill of exceptions, and that the bill of exceptions show that no special finding was made. The appellee also contends that the special findings are not before us, because not properly presented; and, as the findings are shown to have been made by the court ex mero motu, and no request in writing therefor was made by either of the parties, as required by the Code (section 5360), we do not deem the special finding to be presented for our consideration on this appeal, as the record does not show a special finding authorized by law, and we will treat the appeal on the general finding on the evidence as set out in the bill of exceptions.

The injury occurred at a public road crossing in the town or village of Village Springs on the defendant's line of railroad. The animal was frightened by the engine or train, and attempted to run between the freight cars as the train was passing rapidly over a public road crossing, and was killed and the buggy demolished and harness badly broken. The plaintiff had left the horse hitched to a buggy at or near his store in the village, and, if fastened, the horse had been untied from where it had been hitched, and, as the train was approaching the village, the horse ran out from between the plaintiff's store and the adjoining building, with the buggy hitched to him, but no one in the vehicle. After the animal ran into the road, running along and about parallel to the railroad, the plaintiff saw and called to the horse, and it apparently decreased its speed; but just at this time the whistle of the engine or noise from the train frightened the animal, and it ran away, with the consequences stated.

Under the tendencies of the defendant's evidence, the engineer having control of the running of the locomotive was not guilty of negligence, but operated the train in the usual, ordinary, and reasonable manner, and gave only such signals as enjoined by law under section 5473 of the Code, doing nothing, after discovering the peril of the animal, with the intent of frightening it. On the other hand, the tendencies of the evidence on behalf of the plaintiff went to show that there was negligence in the rapid operation of the train; that unnecessary and unusual noises calculated to frighten animals were made, and that, after discovering the animal's peril, other unusual and unnecessary noises were made, with the intent of frightening it; that the engineer, after discovering the animal's peril and fright, increased the speed of the engine and "raced" his engine with the horse in an endeavor to beat the animal to the crossing.

Whether or not there is negligence upon the part of the defendant's employees in operating the train in a case like this must depend upon the care exercised (*C. of Ga. Ry. Co. v. Fuller,* 164 Ala. 196, 51 South. 309); and, the evidence being in conflict, it was for the court, sitting as a jury, to determine the question of negligence, and whether or not it was the efficient proximate cause of the injury.—*Western Ry. of Ala. v. Moore,* 169 Ala. 284, 53 South. 744; *So. Ry. Co. v. Crawford,* 164 Ala. 178, 51 South. 340.

The engineer and the witness Massey testified to facts from which the court could have found that there was no negligence upon the part of the defendant or its employees that was the proximate cause of the injury, and the finding and conclusion of the trial court in cases tried by the court, without a jury, must stand on the same footing as the verdict of a jury; the credibility of the evidence being for the trial court, and not subject

to review.—*Winter-Loeb Grocery Co. v. Mutual Ware-house Co.,* 4 Ala. App. 431, 58 South. 807; *Montgomery Lodge v. Massie,* 159 Ala. 437, 49 South. 231.; *Minchener v. Robinson,* 169 Ala. 472, 53 South. 749; *Kelly v. Anniston,* 164 Ala. 631, 51 South. 415; *City of Ensley v. Smith,* 165 Ala. 387, 51 South. 343; *McIntyre Lumber & Export Co. v. Jackson Lumber Co.,* 165 Ala. 268, 51 South. 767, 138 Am. St. Rep. 66; *Millner v. State,* 150 Ala. 95; 43 South. 194; *Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720.

The objection to the question asked the witness Barron on cross-examination, calling for the contents of the written report made by the witness as an employee to the defendant, was properly sustained.—*A. G. S. Ry. Co. v. Taylor,* 129 Ala. 238, 29 South. 673; *Culver v. Ala. Mid. Ry. Co.,* 108 Ala. 330, 18 South. 827. It cannot be said, however, that the questions asked this witness, who was the engineer in charge of the locomotive, as to the statements made by him on different occasions to John Crane, Grady Wells, and Carl Higginbotham, did not call for material testimony, or that it was error, without injury, to sustain the defendant's objections to the questions, because two of the witnesses were subsequently allowed, without objection, to testify to the statements made to them by the engineer. Whether or not the injury and damage was occasioned by noises unnecessarily and recklessly or wantonly made, or done after discovery of the animal's peril, or made with the intent of frightening the animal, was the material issue in the case.—*C. of Ga. Ry. Co. v. Fuller, supra.* The engineer (Barron) had denied all of these matters on direct examination, and had testified that the train was operated in the usual, ordinary, and reasonable manner; and the questions asked him on cross-examination, in reference to statements he had made at different times to Crane,

Wells, and Higginbotham, were pointedly for the purpose of discrediting and impeaching his testimony on these very matters by showing contradictory statements or admissions made by the witness; and the court was in error in sustaining objections to the questions. The error is not without injury, simply because some of the persons that were laid in the predicates afterwards testified to such statements having been made to them by Barron. It may be, from aught that appears, that, had Barron been allowed to answer the questions, he would have admitted making the statements, and if so, the effect of his testimony to the contrary, on direct examination, would have been practically, if not entirely, destroyed; and it was principally on evidence of this witness that the defendant must reply to escape a liability for the negligence testified to by the plaintiff's witnesses.

For the court's errors in sustaining objections to the questions asked the witness Barron, seeking to impeach or contradict his testimony on material matters, the case must be reversed.

Reversed and remanded.