# Louisville & Nashville Railroad Co. v. Cochran.

*Action against Railroad Company to recover Damages for Killing a Horse.*

1. *Liability of railroad company for killing stock.*—The running of a railroad train at such a rate of speed as renders it impossible for the servants or employés having the management of it to avoid injury to animals straying on the track, is negligence, rendering the railroad company liable for consequent injury ; and where, in an action against a railroad company to recover damages for the alleged negligent killing of the plaintiff's horse, it was shown that at the time of the killing the horse was running at large in a field near the residence of the plaintiff, who was its owner, and that from the place where the killing occurred the horse could have been seen 250 yards by those

[Louisville & Nashville Railroad Co. v. Cochran.]

in charge of the defendant's train, but that by reason of the rate of speed at which the train was running it was impossible to stop the train within such distance, the railroad company was negligent and liable for the consequent injury.

APPEAL from the Circuit Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by the appellee, W. T. Cochran, against the Louisville & Nashville Railroad Company, to recover damages for the killing of a horse, the property of the plaintiff, which was alleged to have been caused by reason of the negligence of the defendant's employés. The amount of damages claimed was one hundred dollars. The defendant pleaded the general issue, and contributory negligence on the part of the plaintiff. The facts are sufficiently stated in the opinion. The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for plaintiff, assessing his damages at thirty-five dollars. The defendant appeals, and assigns this judgment as error.

KNOX, BOWIE & PELHAM, for appellant.

JOSEPH CARTHEL, *contra*.

BRICKELL, C. J.—The doctrine of the common law, in respect to trespasses by and upon domestic animals, running at large, has never prevailed in this State. Unenclosed lands are regarded as common pasture, and the owner of domestic animals found thereon, is entitled to demand reasonable care and diligence for the prevention of injuries to them.—3 Brick. Dig., 725, §§ 105, *et seq*. The more recent decisions of this court have settled, that in actions against a railroad company for injuries to domestic animals straying upon its track or roadbed, when the injury, the ownership, and the value of the animal, if it is killed, are shown, a presumption of negligence arises, making a *prima facie* case of liability, and the burden of removing the presumption rests upon the company. Further, the running of a train under such conditions, or at such a rate of speed, as renders it impossible for the servants or agents having the management of it, to avoid injury to animals straying on the

[Morgan v. Flexner & Lichten.]

track, is negligence, rendering the company liable for the consequent injury.—*Birmingham M. R. R. Co. v. Harris*, 98 Ala. 326; *Central R. R. & Banking Co. v. Ingram*, *Ib.* 395; *L. & N. R. R. Co. v. Davis*, 103 Ala. 661.

The evidence shows, that the horse, when killed, was pasturing or running at large in an old field, near to the residence of the owner. The railroad track passed through the field, and over a curve. The place of the killing, was probably two hundred and fifty yards from the point in the curve at which the horse could have been seen by those in charge of the train; and it is probable that he was seen by them from that point, and that they endeavored to avoid the injury. The undisputed fact is, that the train was running at a speed of forty miles an hour, and it was not possible to stop it within less than four hundred and fifty yards. Under these facts, following the authorities to which we have referred, a liability for the value of the horse was fixed on the appellant.

The evidence as to the value of the horse was conflicting, and we are not prepared to say the weight of the evidence does not in this respect support the finding of the city court.

Let the judgment be affirmed.