# Central of Georgia Railway Company v. Main.

*Action against Railroad Company to Recover Damages for Killing a Mule.*

1.  *Negligence; liability of railroad for killing stock.*—A railroad company is liable for injury to stock, which injury results from the running of its train in the night time at such a fast rate of speed that, by reason of the darkness of the night,

stock cannot be seen by the aid of a headlight in time to prevent the injury by use of the ordinary means and appliances usually found on railroad trains.

2. *Same; same.*—A railroad company is not responsible for the killing of stock, if the engineer is competent, and keeps a proper lookout and does not see, and cannot see, the approaching animal on, or in dangerous proximity to, the track, and it comes suddenly thereon, so close to the train that the engineer cannot stop in time to prevent the accident.

3 *Same; same:—Where affirmative charge is properly refused.* Where evidence is in conflict as to whether the animal killed came suddenly upon the track so close to the train that it could not be stopped in time to prevent injury, the general affirmative charge for defendant is properly refused.

4. *Same; same; charge to the jury.*—A charge which is abstract in the hypothesizing is properly refused.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. A. A. EVANS.

This was an action brought by the appellee against the appellant to recover damages for the alleged negligent killing of a mule by one of the trains operated on defendant's road. The facts of the case are sufficiently stated in the opinion. The court, at the request of the plaintiff, gave to the jury the following written charge:

"It is negligence in a railroad company to run its trains in the night time at such a rate of speed that it is impossible, by the use of ordinary means and appliances, to stop the train within the distance in which stock on the track can be seen by the aid of the headlight, and, if the injury results from such negligence, the company is liable to the owner of the stock killed or injured."

The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following charges requested by it:

1. "If the jury believe the evidence in this case, they must find a verdict for the defendant."

2. "If the jury believe from the evidence in this case that the mule came suddenly upon the track in front of the train; that the train was running about 20 miles an hour; that the train was properly equipped; that the en-

gineer, by the use of all appliances and powers known to skilful engineers, could not have stopped said train in less than about 200 yards; that said engineer did use at the time all appliances and powers known to skilful engineers to stop said train and avoid the accident; and that the mule was struck and killed in less than 107 yards from the place where it came upon the track, then your verdict must be for defendant."

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the giving of the charge requested by the plaintiff, and the refusal of the charges requested by defendant.

G. L. COMER, for appellant, cited.—*Ala. G. S. Ry. Co. v. McAlpine & Co.,* 75 Ala. 113; *L. & N. R. R. Co. v. Brinkerhoff,* 119 Ala. 606.

T. S. FRAZER, *contra.—Ala. Midland R. R. Co. v. Park,* 112 Ala. 479; *L. & N. R. R. Co. v. Davis,* 103 Ala. 663.

HARALSON, J.—The principle often declared is, that "If a railroad company knowingly runs its trains, in the absence of intervening unusual natural causes, under such conditions as would make it impossible for those in charge to prevent injuring stock straying on its track, and injury results, it is accountable for the loss. And these conditions are said to exist, when the train is run in the night time, at such a fast rate of speed that, by reason of the darkness of the night, stock cannot be seen by the aid of a headlight, in time to prevent the injury, by use of the ordinary means and appliances usually found on railroad trains."—*L. & N. R. R. Co. v. Davis,* 103 Ala. 663; *L. & N. R. R. Co. v. Cochran,* 105 Ala. 354; *C. of G. R. R. Co. v. Stark,* 126 Ala. 367.

These and other decisions of the Court recognize the principle, that the foregoing principle is not applicable where the engineer is competent, is keeping a proper lookout and does not see and can not see the approaching animal on, or in dangerous proximity to, the track, and it comes suddenly thereon so close to the train that

the engineer cannot stop in time to prevent the accident. In such case the company is not liable.—*C. of G. R. R. Co. v. Stark, supra; L. & N. R. R. Co. v. Brinkerhoff,* 119 Ala. 606.

Conceding that, on the evidence of the engineer, the company was not at fault, in that the mule may have come too suddenly on the track to prevent its being killed, yet his evidence shows that he was running his engine down grade about twenty miles an hour; that he had just come out of a curve and struck a straight track, when he saw the mule about thirty feet from the engine and ten feet from the end of the cross ties, running directly towards the track in front of the engine, and was struck as it got on the track; that, running at the rate he was going, the train could have been stopped in about two hundred yards, and that by the aid of the headlight he could have discovered the mule one hundred yards.

This evidence shows the running of the train under such conditions as to make the company liable for killing the animal, unless it came suddenly on the track in front of the engine in such close proximity to it as to render striking it unavoidable. It was upon this theory of fact, that defendant requested the general charge. But on this point the evidence in the case is in conflict. There was evidence for the plaintiff, from which the jury might have inferred and found that the mule did not come suddenly on the track, but that it got on at a private road crossing about one hundred and six feet from the point where it was struck and killed, and traveled down the track to that point. The plaintiff testified that he went to the place where the mule was killed, on the 26th of the month (the injury having occurred on the 24th) and found mule tracks at the crossing and on the roadbed a short distance before reaching the place where the mule was killed, and could not find any mule tracks along the right of way to show where the mule had come from the right of way upon the railroad track, but that there had been a recent rain at that point. There was also evidence tending to show, that the bell was not rung nor the whistle blown, nor that the speed of the train was slackened.

[Bank of Luverne v. Birmingham Fertilizer Co.]

Under such evidence the general charge requested by defendant was properly refused. Charge 2 requested by defendant was also properly refused. It was abstract in hypothesizing that the engineer used, at the time, all appliances and powers known to skillful engineers to stop the train, whereas, he testified that the mule came so suddenly in front of the train and so close to the engine, that he did not have time to do anything to stop the train or scare the mule from the track, before it was struck.

The charge given for the plaintiff was in accordance with our holdings on the subject. Authorities *supra.*

Affirmed.

McClellan, C. J., Dowdell and Denson, J.J., concurring.