[Hogue v. Southern Ry. Co.]

# Hogue *v.* Southern Ry. Co.

*Action for Damages for Killing Stock.*

(Decided April 28th, 1906.   41 So. Rep. 425.)

1. *Railroads; Injuries to Animals on Track; Evidence.*—Evidence that a horse was killed at the same time was inadmissible in an action for damages for killing two mules.
2. • *Same.*—Evidence as to the speed of the mules in their lifetime was properly excluded, and if the inquiry was proper at all, it must be confined to the time of the accident.
3. *Same: Question for Jury.*—The question whether or not the engineer was negligent, under the facts of this case, held one for the jury.

APPEAL from Gadsden City Court.

Heard before HON. JOHN H. DISQUE.

Action by Hoge against the Southern Ry. Co. for the negligent killing of two mules, the property of plaintiff. The pleadings and the facts are stated in the report of this case, 141 Ala. 351, 37 South. 439. The differences are noted and set out in the opinion of the court.

CULLI & MARTIN, for appellant.—After noting the difference in the facts on the former appeal and this one cited, *So. Ry. Co. v. Shelton,* 136 Ala. 191; *Cen. of Ga. Ry. v. Foshee,* 126 Ala. 199; *Chat. So. Ry. v. Daniels,* 122 Ala. 366; *Chat. So. Ry. v. Wilson,* 124 Ala. 444; *Moody v. Ala. Gr. So. Ry. Co.,* 99 Ala. 556; *M. & B. R. R. Co. v. Ladd,* 92 Ala. 289; *L. & N. R. R. Co. v. Kelton,* 112 Ala. 533; *C. of G. Ry. v. Stark,* 126 Ala. 367.

BURNETT, HOOD & MURPHREE, for appellee.—No brief came to the reporter.

HARALSON, J.—There was no error in the ruling of the court in not allowing the plaintiff to go into the question of the striking of a horse or mare, at the same time

the mules were struck. That evidence does not appear to have been material to the issue as to the negligence of defendant's servants in killing the mules.

The question as to the speed of the plaintiff's mules in their lifetime, was properly disallowed. The conditions affecting speed are too many, such as the condition of the soil, the age and physical condition of the mules, etc., to allow that inquiry at an indefinite time and place. If an inquiry as to the speed of the mules in running, was proper at all, it would necessarily be limited to the time of the accident.

The facts on the present trial were not materially different from those developed in the former trial.—37 South. 439, 141 Ala. 351.

. In *L. & N. R. R. Co. v. Kelton,* 112 Ala. 536, 21 South. 819, referring to *Jones' Case,* 71 Ala. 487, it was said: "That a railroad company injuring stock by the running of its train in the nighttime at such rapid rate of speed that it is impossible, by the use of ordinary means and appliances, to stop the train and prevent the injury, within the distance in which the stock upon the track could be seen by the aid of the headlight, was guilty of negligence, which, if it caused the injury, entitled the owner to recover. That decision has been followed in several cases" (naming them).

It is also well settled, that if the engineer is competent and is keeping a proper lookout, and cannot see an approaching animal on or in dangerous proximity to the track, and it comes suddenly thereon, so close to the train that the engineer cannot stop in time to prevent the accident. the company is not liable for the injury done to the animal.—*Central of Georgia R. R. Co. v. Stark,* 126 Ala. 367, 28 South. 411. Here, the evidence showed that the track at the point of the accident, was straight for more than a half mile beyond where the mules were knocked off ;that the train was running 25 or 30 miles an hour; that the night was dark and rainy; and the train could not have been stopped, as the engineer stated, under 100 yards; that the mules were within 12 or 15 feet of the track when he first saw them, and running

towards it. He did not think they ran down the track after getting on it over 50 yards; he did not think they ran down the track 50 yards, could not tell exactly how far they ran, and could not have stopped the train before striking them; that he did all he had time to do, put on brakes and blew the whistle, but did not ring the bell or reverse the engine; but that he did everything that was necessary to do; that the engine was in good order, and he had a good headlight, obscured some by the rain, but could not see a mule 35 or 40 yards.

The evidence on the other trial and in this one, has been carefully examined. On the other trial it was shown that the engineer was keeping a careful lookout. On this trial there is no evidence that he was keeping such a lookout, nor is it shown that the engineer reversed or attempted to reverse the engine. On these conditions the question of negligence vel non. should have been submitted to the jury, and the court erred in giving the general affirmative charge for defendant.—*C. of G. R. R. Co. v. Foshee*, 125 Ala. 199, 27 South. 1006; *Southern Ry. Co. v. Shirley*, 128 Ala. 595, 29 South. 687.

Reversed and remanded.

DOWDELL, ANDERSON, and DENSON, JJ., concur.