[Western Ry. of Ala., v. Mitchell.]

# Western Ry. of Ala., *v.* Mitchell.

*Action for Damages for Killing Stock.*

(Decided June 14th, 1906.　41 So. Rep. 427.)

1. *Railroads; Injury to Animals; Action; Pleading; Complaint.*—
   A complaint alleging that defendant killed two mules by its
   negligence in running a train of cars or locomotive on its
   track was not demurrable for assuming as a matter of law that
   the running of a train of cars was negligence.
2. *Same.*—A count in a complaint which alleges that on a certain
   date defendant was engaged in the operation of a railroad
   running locomotive or cars in a named county, and that one
   of defendant's servants or agents in charge of the locomotive
   negligently operated it between certain stations named, and
   by reason thereon ran said locomotive against two mules kill-
   ing them, is sufficiently specific as to the place of the killing,
   and not subject to demurrer for failing to allege with suffi-
   cient certainty what servants were guilty of negligence, or for
   failing to allege with sufficient certainty that the defendant's
   servants were guilty of negligence.
3. *Same.*—A count of the complaint which alleges that defendant
   was engaged in operating a railroad and so negligently con-
   ducted its business that a locomotive ran against two mules
   and caused their death, was not demurrable for failure to
   show which locomotive inflicted the injury, or for failure to
   show by whom the engine was operated, or for failure to show
   with sufficient certainty that the negligence alleged proxi-
   mately caused the injury.
4. *Appeal; Harmless Error; Ruling on Demurrer.*—Where the facts
   alleged in special pleas are available under the general issue,
   error in sustaining demurrers to such pleas was harmless.
5. *Railroads; Injuries to Animals; Action; Negligence; Evidence;
   Sufficiency.*—Where it was shown that a train was running
   in the night time with a headlight not having sufficient carry-
   ing capacity to light up the track for a distance ahead within
   which the train could be stopped, so as to enable the engineer
   to perceive objects on the track far enough in advance to stop
   his train before striking them, the running of the train with
   such a headlight was negligence as a matter of law.

6. *Same.*—Where it was shown that an engineer saw a fog bank ahead of him across the track for a considerable distance before he reached it, yet continued to drive his engine ahead at the rate of forty or fifty miles an hour, and entered the bank at such speed, and killed animals on the other side of it, but so close to it that he could not see them in time to stop his train before striking them, such engineer was guilty of gross negligence.

APPEAL from Montgomery City Court.
Heard before Hon. A. D. SAYRE.
Action by John D. Mitchell against the Western Railway of Alabama. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

This is an action for damages, brought by appellee against appellant for the negligent killing of two mules. The complaint contains five counts, and is in the following language: "(1) Plaintiff claims of the defendant $500 as damages for the negligent killing, by an engine. locomotive, or car of the defendant, of two mules, property of the plaintiff, on, to-wit, May 1, 1903, at a place on the track of the defendant between Scott and Merritt Station, about one-half mile from said Scott Station, in Montgomery county, Ala. (2) Plaintiff further claims of the defendant $500 as damages, for that the defendant, through its agents or servants in charge of one of its engines, on, to-wit, April 21, 1903, at a place on the track of defendant between Scott and Merritt Station, in Montgomery County, Ala., negligently ran said engine against two mules of the plaintiffs, thereby causing their death, to the damage of plaintiff as aforesaid. (3) Plaintiff further claims of the defendant the sum of $500 as damages for the killing of two mules, the property of the plaintiff, by the negligence of the defendant in running a train of cars or locomotive on the track of defendant, on, to-wit, April 21, 1903, at a place between Scott and Merritt Station, in Montgomery county, Ala. (4) Plaintiff further claims of the defendant the sum of $500 as damages, and plaintiff avers that the defendant was on, to-wit, April 21, 1903, engaged in the operation of a railroad and of locomotives and cars thereon in the county of Montgomery, and one of the agents, servant, or employes of the defendant in charge

of a locomotive so negligently operated such locomotive on said road between Scott and Merritt Station, in said county, and by reason thereof then and there ran said locomotive against two mules, the property of the plaintiff, thereby causing the death of said mules, to the damage of plaintiff as aforesaid. (5) Plaintiff further claims of the defendant $500 as damages, for that the defendant on, to-wit, April 21, 1903, was engaged in operating a railroad in the county of Montgomery, Ala., on which said road it operated engines, locomotives, and cars; that on, to-wit, said day and date, in the county of Montgomery, Ala., and at a place on the track of the defendant between Scott and Merritt Station, in said county, it so negligently conducted its said business that a locomotive of the defendant ran against two mules, the property of the plaintiff, and caused their death, to the damage of the plaintiff as aforesaid."

The defendants interposed the following demurrers to these counts. To the first count: "Because it fails to show with sufficient certainty who, if any one, was guilty of the alleged negligence; because it assumes that an engine, locomotive, or car could of itself be negligent; because it fails to show whether it was an engine, locomotive, or car that was negligent." To the second count: "Because it fails to show that the said agent, servant, or employe who is alleged to have been guilty of negligence was at the time acting within the scope or range of his employment." To counts 1 and 2 separately: "Because they fail to show negligence on the part of any one for whom the defendant would be liable." To the third count: "Because it fails to show negligence on the part of any one for whose act the defendant would be liable; because it fails to show with sufficient certainty that the defendant was guilty of any negligence; because it assumes as a matter of law that the running of a train of cars or locomotives is negligence." To the fourth count: "Because it fails to aver with sufficient certainty what servants or employes of the defendant are guilty of negligence; because it fails to aver with sufficient certainty that said servants or employes were guilty of negligence; because it fails to aver with sufficient certainty where said injury occurred." To count

5: "Because it fails to show or aver what engine, locomotive, or car, or what train of cars, inflicted the injury complained of; because it fails to show or aver by whom said engine, locomotive, or car was operated at the time of the injury, but alleges that it was done by the defendant, which is alleged to be a corporation, and could not, without the assistance of some person, operate said locomotive, engine, or car; because it fails to show with sufficient certainty that the alleged negligence proximately contributed to or caused the injury complained of." The demurrers to count 1 were sustained, and demurrers to counts 2, 3, 4, and 5 were overruled.

The defendant filed the following pleas: (1) The general issue. (2) That the engineer of said train was keeping a proper lookout and discovered the animals as soon as he could; that after he discovered them he used all the means known to skillful engineers, such as reversing the engine and applying the brakes, to prevent injuring them. (3) "And for further answer to the complaint, the defendant says that the engineer in charge of the train which killed the plaintiff's animals was keeping a diligent lookout ahead of his engine, and discovered said animals as soon as it was practicable for him to do so, and as soon as he perceived them on the track he used all the means within his power known to skillful engineers, such as applying the brakes and reversing the engine, in order to stop, the train." (4) That the engineer in charge of the train which killed plaintiff's animals was keeping a diligent lookout ahead of his engine, and discovered said animals as soon as it was practicable for him to do so, and as soon as he perceived them on the track he sounded the cattle alarm and used all the means within his power known to skillful engineers, such as applying brakes and reversing his engine, in order to stop the train. (5). That said animals came suddenly upon defendant's railroad track upon the left hand thereof, and so close to the engine or train that the engineer could not stop in time to prevent injuring them.

Plaintiff demurred to plea 2 as follows: "It presents nothing but the general issue. It fails to aver that the engine or locomotive which killed the mules was prop-

erly equipped. It fails to aver that the engineer sounded the cattle alarm or gave other warning of his approach before the accident. It fails to aver that the engineer was keeping a proper lookout. It fails to aver that the engineer did anything to frighten the mules off the track. It fails to deny negligence on the part of defendant's agents, servants, or employes in charge of the engine. It fails to aver that the engineer used due diligence to discover the peril of the mules. It fails to aver that the engineer was keeping diligent and proper lookout for the animals." To the third, fourth, and fifth pleas of defendant plaintiff demurred, and assigned separately all the grounds assigned to plea 2, and the following additional grounds: "It fails to aver that the engine was properly equipped. It fails to aver that defendant's engineer sounded the cattle alarm or gave other warning of his approach. It fails to aver that he was running the train at such a rate of speed that he could have stopped the same in time to prevent injury when the animals were first discovered on the track. It fails to aver that the mules suddenly ran upon the track in front of the engine. It shows on its face that the mules were on the track and that the engineer, when he discovered them, was running his engine at such a rate of speed as to have been unable to stop the same. It fails to aver that at the time of the discovery of the peril to plaintiff's mules the engineer was running the engine with due care. It presents nothing but the general issue." These demurrers were sustained, and issue was joined on the general issue.

The evidence showed the killing of the mules by one of defendant's trains on its track between two stations in Montgomery county, together with the value of the mules. The evidence for the defendant tended to show that the mules were killed by train No. 97, which is a limited mail train carrying two mail cars and two coaches, equipped with all modern improvements and having the best known headlight. The engine and train were managed by a proper complement of men. The engineer was shown to have been of 32 years' experi-

[Western Ry. of Ala., v. Mitchell.]

ence in operating a locomotive. The engineer testified: That there was a strip of smoke extending across the track beyond which he could not see, and that just before he reached this strip of smoke he was sitting on the box looking ahead down the track. The headlight enabled him to see an object 400 yards ahead of him. That as he passed the strip of smoke he saw the mules coming up the bank onto the track right at the end of a trestle, and that as soon as he saw them he blew the cattle alarm, applied the brakes, and reversed the engine. When he first saw them they were about 200 feet away, and the train was running 40 or 50 miles per hour, and it was impossible to stop the train going at that rate of speed within that distance. "With the headlight I had, I could see an object the size of a mule or cow far enough ahead of me to have stopped the train running at that rate of speed before hitting the object."

In his oral charge to the jury the court said: "There is one other proposition in the case. The contention of the defendant is that there was a wall of fog or smoke. Witnesses spoke of it as smoke, and then they said it may have been fog, and then said it may have been fog or smoke. They do not know. Anyhow, the proposition is that there was a wall of fog or smoke hanging over the creek where the railroad crossed it, and that so obscured the engineer's sight down and along the railroad as that he could not see the mules in time to prevent injury to them. I state the law of that situation to be as follows: If there was this wall of smoke or fog hanging there over the railroad track, obscuring the view of the engineer, and it could have been discovered in time to warn the engineer in order that he might approach it with caution, and he failed to do it—failed to approach it with caution, in order to avoid possible injury to what might have been beyond it—and he failed to do it, then that would not be the exercise of due care and caution, and as a necessary consequence, or probably a better statement of the same proposition, if seeing the wall of fog or smoke there across the road, beyond which with the use of the lamps he had he could not see, he dashed on through it without regard to the consequences to what might be on the other side,, then in that case the

railroad would be responsible in my judgment, and I so charge you to be the law in this case." The defendant excepted to the above portion of the court's oral charge.

The defendant then requested the court in writing to give the following charges, which the court refused: "(1) If the jury believe all the evidence in this case, they must find for the defendant. (2) Under the evidence in this case no duty devolved on the engineer to check the speed of his train on account of the strip of smoke or fog testified to by McWaters, and under the circumstances testified to by him. (3) If the jury believe from the evidence in this case that the engineer in charge of the engine and train which killed the plaintiff's mules was prevented from seeing said animals in time to stop the train and prevent the injury on account of a narrow strip of smoke or fog which had settled on defendant's track between the approaching engine and train and said mules, and that as soon as said engineer did or could by due diligence have discovered said animals on or near said track he did discover them and used all the means in his power known to skillful engineers, such as applying brakes and reversing the engine, in order to stop said train, they must find for the defendant. (4) There was no negligence in running the train at the rate of speed shown by the evidence in this case. (5) If the jury believe from the evidence that the engineer was keeping a diligent lookout ahead of his engine, and that he was prevented by a strip of smoke or fog from seeing the said animals until within about two hundred feet of them, and that he then blew his whistle, reversed his engine, applied his brakes, and did everything known to skillful engineers to prevent the injury, they must find for the defendant. (6) If the jury believe from the evidence that the engineer was prevented from seeing the animals by a strip of smoke or fog until it was too late for him to prevent injuring the animals by the use of all means known to skillful engineers, such as reversing his engine, applying the brakes, and blowing his whistle, they must find for the defendant. (7) The court charges the jury that under all the evidence in this case the engineer in charge of the engine was not guilty of negligence in stopping

or slackening the speed of his train before he reached the smoke or fog across the track. (8) The court charges the jury that under all the evidence in this case there was no duty on the engineer in charge of the engine to discover the animals killed until he had passed the obstruction to his view caused by the smoke or fog across the track. (9) It makes no difference how the animals traveled on the track, whether they walked or ran, or whether they were on the track at all before they were struck, if the engineer could not have seen them by keeping a vigilent lookout until he was so near them that it was impossible for him to prevent killing them; and if this be true, the defendant is not liable.

GEO. P. HARRISON, for appellant.—The demurrer to the 4th count of the complaint should have been sustained.—*Carloss' case,* 77 Ala. 443. The court erred in the general charge to the jury. A railroad company is not liable for injury to stock caused by the failure of the crew to see them in time to prevent the injury, if the failure was due to conditions of atmosphere or other natural causes.—*McAlpine's case,* 75 Ala. 113; *Jones' case,* 71 Ala. 487; *Moody's case,* 92 Ala. 279; *Ingram's case,* 95 Ala. 162. Where an animal suddenly springs upon a railroad track in such proximity to a train that it is impossible to prevent the injury the railroad is not liable.—*Hambree's case,* 85 Ala. 481; *Jarvis' case,* 95 Ala. 149; *Brinkerhoff's case,* 119 Ala. 606; *Roebuck's case,* 76 Ala. 277; *Ingram's case, supra.*

HILL, HILL & WHITING, for appellee. The demurrer to the 3rd count is properly overruled.—*Carloss's case,* 77 Ala. 443. Counts 4 and 5 were good as against the demurrers interposed.—*Stanton v. L. & N. R. R. Co.,* 91 Ala. 382; *Central v. Edmundson,* 135 Ala. 338; *L. & N. R. R. Co. v. Marbury,* 125 Ala. 237; *Western v. Lazarus,* 88 Ala. 456; *Armstrong v. Montgomery,* 123 Ala. 233; *A. G. S. Ry. Co. v. Hall,* 138 Ala. 362. The place of the accident was sufficiently alleged.—*Western v. Sistrunk,* 85 Ala. 356; *S. & N. R. R. Co. v. Chasner,* 78 Ala. 567. The pleas were nothing more than the general issue and as the case was tried on that issue

the action of the court in reference to the special pleas was error without injury.—*L. & N. R. R. Co. v. Hall,* 131 Ala. 161. The oral charge of the court was correct. —*Alabama Midland v. McGill,* 121 Ala. 233. The court properly refused the charges requested by the defendant.—Authorities supra; *Central v. Starr,* 126 Ala. 267; *L. & N. R. R. Co. v. Wood,* 105 Ala. 562.

WEAKLEY, C. J.—The third count of the complaint is good.—*E. T., Va. & Ga. R. R. Co. v. Carloss,* 77 Ala. 443. It is not open to the criticism that it assumes the running of any train of cars or locomotives upon the defendant's track would be negligence. Fairly construed, the meaning is the same as if it had alleged that the plaintiff's mules were killed by reason of the negligence of the defendant in and about the running of its train, etc.

The fourth count was sufficiently specific as to the place of the accident, and was otherwise good. The *Carloss Case, supra,* relied on by appellant to support the proposition that the averment in the fourth count of the locus is not definite enough, was decided under a statute which has been repealed by its omission from the Code.

The demurrer to the fifth count was properly overruled. The count is as full and specific as many that have been sustained by this court.—*Central of Ga. Ry. Co. v. Edmondson,* 135 Ala. 338, 33 South. 480, and cases there cited. The count avers that the negligence of the defendant in the manner specified caused the death of the mules, and thus shows the causal connnection between the negligence and the injury.

The specific pleas, to which demurrers were sustained, alleged only such facts as were available under the general issue, and hence the defendant suffered no injury in any event from the rulings on demurrers.—*L. & N. R. R. Co. v. Hall,* 131 Ala. 161, 32 South. 603. Furthermore, the defendant actually introduced under the general issue the evidence that would have been admissible and that it would doubtless have offered under the special pleas.

The general rule is settled in this state that it is per se negligence as a matter of law for a railroad company to run its trains in the nighttime with a headlight not having sufficient capacity to cast light upon the track so that the engineer may perceive obstructions for the distance within which the train can be stopped. Inasmuch as animals may run at large, and therefore may at any time appear in dangerous proximity to the track, those operating trains must be on the lookout so as to discover animals in positions of peril, and must be likewise diligent to avert injury to them when their peril becomes apparent. When a bank or wall of fog or strip of smoke appears ahead of the train and across the track, hiding from view objects that may be beyond it on or near the track, common prudence should suggest to the engineer that he do not plunge heedlessly on, with undiminished speed, reckless of consequences, but that he secure control of the train, and proceed with caution and care commensurate with the danger, until the usual conditions are restored. Whether any particular rate of speed is negligent must depend upon the conditions and circumstances under which the train is operated. "When anything in the surrounding conditions suggests care in the operation of a railroad train to avoid perils and dangers to others, the higher the duty increases to observe it."—*B. M. R. R. Co. v. Harris*, 98 Ala. 334, 13 South. 377. It was admitted by the engineer that he continued to drive his train forward at the rate of forty or fifty miles an hour, with no effort to check the speed, as if no unusual condition existed, although he saw the fog bank at a considerable distance before reaching it, and must have known that if nothing was done to diminish the speed it would be impossible to avert injury to stock, should any be on or near the track beyond the obstruction. This was not due care. It was gross negligence.—*A. G. S. R. R. Co. v. Jones*, 71 Ala. 487; *Central R. R. & Bank Co. v. Ingram*, 98 Ala. 395, 12 South. 801; *Ala. Midland Ry. Co. v. McGill*, 121 Ala. 230, 25 South. 731, 77 Am. St. Rep. 52.

The portion of the court's general charge to which an exception was reserved was in harmony with these views. The defendant was not entitled to the general

[Louisville & Nashville R. R. Co., v. Hubbard.]

charge, and all the other charges requested by the defendant were properly refused, because they ignored the duty of the engineer to check the speed of the train, or asserted that it was sufficient to excuse the defendant if the engineer could not have seen the animals by keeping a vigilent lookout until he was so near them that it was impossible to prevent killing them, without reference to his precedent negligence in approaching and entering the fog bank at the speed and under the circumstances shown.

The verdict was neither unsupported by, nor was it against the weight of the evidence, and hence no error was committed in denying the motion for a new trial.

There is no error in the record.

Affirmed.

TYSON, DOWDELL, and SIMPSON, JJ., concur.