# Louisville & Nashville Railroad Co. *v.* Christian Moerlein Brewing Co.

*Action for Damages for Killing Stock.*

(Decided April 18, 1907.   43 So. Rep. 723.)

1. *Railroads; Injuries to Animals on Track; Action; Burden of Proof.*—In an action for damages for killing stock, at any one of the places or under the conditions named in section 3440, Code 1896, the burden is on the plaintiff to show that the stock were killed by the locomotive or cars at one of the places named or under conditions specified in said section and then on the defendant· to show that the killing was not negligent.

2. *Trial; Instruction; Assumption of Facts.*—Where the evidence as to the ownership is not conclusive it is error to give an instruction assuming that the ownership has been proven.

3. *Railroads; Injury to Stock on Track; Instructions.*—An instruction which predicates plaintiff's right to recover if the

[L. & N. R. R. Co. v. Christian Moerlein Brewing Co.]

railroad had not complied with the statute as to blowing the whistle and ringing the bell without hypothesizing any causal connection between such failure and the injury is erroneous.

4. *Same.*—Although the ordinance is not set out in the pleadings it was proper to instruct on negligence in exceeding the speed limit imposed by a city ordinance.

5. *Same; Rate of Speed at Night.*—It is the duty of the railroad to run its locomotives at night at such a rate of speed that it can be stopped by the ordinary means and applicances used within the carrying distance of its headlight and within the distance in which stock can be seen on the track by aid of the headlight.

6. *Same; Municipal Regulations; Negligence.*—It is negligence for a railroad to run its train or locomotive through a city at a greater rate of speed than that prescribed by an ordinance.

7. *Same; Instruction.*—An instruction which authorizes a recovery by plaintiff for the killing of stock upon finding of the jury that the defendant operated its trains at a greater rate of speed than that permitted by the city ordinance, but which does not hypothesize a casual connection between such negligence and the injury complained of, is erroneous.

8. *Trial; Instruction; Assumption of Facts.*—A charge asserting that if the jury believe from the evidence that defendant's locomotive, when it struck plaintiff's stock, was running at a higher rate of speed than eight miles per hour, they should find for plaintiff, is erroneous in assuming that the engine struck the stock and that the stock was the property of the plaintiff.

9. *Railroads; Injury to Stock on Track; Instruction.*—A charge which asserts that if plaintiff has shown to your reasonable satisfaction the injury to the stock by defendant, its value, and that it was plaintiff's stock, plaintiff had made out his case; and the defendant to excuse itself must show by a preponderance of the evidence to your reasonable satisfaction that it was guilty of no negligence proximately contributing to the injury, is bad in that it is misleading and fails to hypothesize that the injury happened at one of the places or under the conditions mentioned in the statute.

10. *Same.*—A charge asserting that if the jury find a verdict for the plaintiff they should add to the value of the stock found by them interest from the date of the injury to the date of the verdict, is unintelligible and its giving erroneous.

11. *Trial; Instructions; Curing Error in Charges.*—Erroneous statements in given written charges are not cured of error by a correct statement of the law made in the oral or other charge of the court.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by the Christian Moerlein Brewing Company against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Action by appellee against appellant for killing certain stock. The facts are sufficiently stated in the opinion. Certain charges given at the instance of the plaintiff are assigned as error. These charges are as follows:

(1) "The court charges the jury that under the evidence in this case the burden is on the defendant to reasonably satisfy their minds by a preponderance of the evidence that the railroad company is not guilty of any negligence which proximately contributed to the death or injury of plaintiff's stock."

(2) "The court charges the jury that the law says to a railroad company: 'Your engineer must blow the whistle or ring the bell of your locomotive at short intervals while moving within a city.' And if the jury believe from the evidence that the engineer on the locomotive that ran upon plaintiff's stock (if they believe one did run on them) did not either ring the bell at short intervals, or blow the whistle at short intervals, while running through the city of Mobile near One Mile Creek, and that such failure on his part proximately contributed to the killing of the stock, then you ought to find a verdict for the plaintiff."

(3) "The court charges the jury that the duty is on the defendant, in running locomotives along its tracks, to use due care to avoid injuring the property of others, and that this due care includes a compliance with the safeguards provided by law for the protection of such property of others; and if the jury believes from the evidence in this case that the defendant did not exercise due care, or did not conform to the safeguards established by law for the protection of the property of others, then you ought to find a verdict for the plaintiff, provided you further find that such failure to use due

care or conform to such safeguards proximately con-
tributed to the injury of plaintiff's stock."

(4) "I charge you, gentlemen of the jury, that if you
believe from the evidence that plaintiff's stock were run
into and upon and destroyed by a locomotive of the
Louisville & Nashville Railroad Company, running
within the limits of the city of Mobile, then the pre-
sumption is that the injury to the said stock resulted
from negligence of the said Louisville & Nashville Rail-
road Company, defendant in this case; and the burden
is on the railroad to reasonably satisfy you by prepon-
derance of the evidence that its engineer, in charge of
the locomotive that ran into the stock (if you believe
that the stock were run into), blew the whistle or rang
the bell, or caused the same to be done, at short inter-
vals while he was passing through the city of Mobile
near One Mile creek, and shortly before striking the
stock, and that there was no negligence on the part of
the said railroad company or its agents. And if defend-
ant failed to so reasonably satisfy you by a preponder-
ance of the evidence, then the plaintiff should get a ver-
dict."

(5) "The court charges the jury that, if they believe
from the evidence that a locomotive of the defendant
railroad company killed or injured or destroyed the
plaintiff's stock, and that such locomotive was running
at a higher rate of speed than is prescribed by the ordi-
nances of the city of Mobile (if you find from the evi-
dence that there is an ordinance of the city of Mobile
fixing the speed limit), and such excess of speed over
the speed limit fixed by said ordinance (if you believe
from the evidence that such an ordinance exists) proxi-
mately contributed to the injury of plaintiff's stock,
then you ought to find a verdict for the plaintiff."

(6) "The court charges the jury that if they believe
from the evidence that defendant's locomotive was run-
ning at such a rapid rate of speed that it would have
been impossible by the use of ordinary means and ap-
pliances to stop the locomotive and prevent the injury
to the stock within the distance in which stock upon the
track could be seen by aid of the headlight, then the de-

fendant was guilty of negligence; and if the jury further believe from the evidence that the negligence proximately contributed to the injury to plaintiff's stock, then the plaintiff ought to recover."

(7) "The court charges the jury that the duty is on a railroad company to run its locomotive at night at such a rate of speed that it can be stopped, if necessary, by the use of ordinary means and appliances within the distance in which stock would be seen upon the track by the aid of the headlight of the locomotive; and if the defendant railroad company in this case failed in this duty, and such failure was the proximate cause of the injury to plaintiff's stock, then they ought to find a verdict for the plaintiff."

(C) "The court charges the jury that if they believe from the evidence that there is an ordinance in the city of Mobile fixing a speed limit which shall not be exceeded by locomotives running within the limits of the city, that the defendant's locomotive struck and destroyed plaintiff's stock, that when it struck and destroyed the stock it was exceeding the said speed limit, and that this was in the city of Mobile, the plaintiff ought to recover."

(B) "The court charges the jury that if they believe from the evidence that defendant's locomotive was being run at the time of the injury complained of at a greater rate of speed than is prescribed by the city ordinance, which is in evidence, then such running of said locomotive at such rate of speed would be negligence."

(D) "The court charges the jury that if they believe from the evidence that defendant's locomotive, when it struck plaintiff's stock, was running at a rate of speed greater than eight miles an hour, then they should find for the plaintiff."

(E) "If the plaintiff has proven by the evidence to your reasonable satisfaction the injury to the stock by defendant, its value, and that it was plaintiff's stock, plaintiff has made out his case; and the defendant, to excuse itself, must show by a preponderance of the evidence to your reasonable satisfaction that it was guilty of no negligence proximately contributing to the injury."

(M) "If the jury find a verdict for the plaintiff, they should add to the value of the stock found by them interest from the date of the injury to the date of the verdict."

GREGORY L. & H. T. SMITH, for appellant.—No brief came to the Reporter.

PILLANS, HANAW & PILLANS, for epplee.—No brief came to the Reporter.

SIMPSON, J.—This was an action by the appellee against the appellant for damages for the death of two horses and three mules, the property of the plaintiff, which, it is claimed, were killed by reason of the negligence of defendant's agents in managing its locomotive. The only assignments of error insisted on by appellant relate to the action of the court in giving certain charges at the request of the plaintiff.

1. Section 3440 of the Code of 1896 requires the engineer, or other person having control of a locomotive, to blow the whistle or ring the bell, at short intervals, while passing through a villiage, town or city, and also, on perceiving obstructions, to use all means, etc. Section 3443 makes the company responsible for damages "resulting from a failure to comply with the requirements of the three preceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed or damaged, by the locomotive or cars of any railroad at any one of the places specified in the three preceding sections, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents."—*Mobile & B. Ry. v. Holborn*, 84 Ala. 133, 138, 4 South. 146; *A. G. S. R. R. v. Boyd*, 124 Ala. 525, 528, 27 South. 408. It is manifest, then, that the burden is upon the plaintiff, first, to show that the stock was killed or injured by the locomotive or cars at one of the places named, and, when that is done,

the burden is on the defendant to negative the negligence.

According to the bill of exceptions, "the plaintiff offered evidence tending to show that it owned two horses and three mules"; that said animals came out in front of the engine, and were struck by it, two of the mules being knocked into the creek and injured, "and the other three killed upon the bridge"; and the injured animals were killed by the president of the Humane Society. The accident occurred about 12 o'clock at night, and "plaintiff's only eyewitness to the actual collision with the stock testified that he was standing about 300 yards away," and it is not stated what he testified to. The defendant's engineer testified that he was keeping a constant lookout ahead, and when his engine got within 42 to 50 feet of One Mile Bridge he saw three head of stock about 30 feet in front of him, two upon the track and two feeding along the edge; that the engine struck one horse and ran over one mule, and stopped about the middle of the bridge; that one horse fell through the bridge; and that he saw a mule in the water, but had not seen it until his engine stopped. Under this evidence it was a question for the jury to decide whether or not the stock belonged to the plaintiff, and whether the horse which fell through the bridge and the mule which was seen in the water were injured by the locomotive, and, if injured, to what extent. Hence the court erred in assuming that this had been proved, and giving charge 1 at the request of the plaintiff.—*McDougal's Adm'r v. Rutherford*, 30 Ala. 253, 260; *McKenzie v. Br. Bak.*, 28 Ala 606, 611, 65 Am. Dec. 369; *Brooks v. Hildreth & Moseley*, 22 Ala 470, 473.

This is an answer, also, to the contention of the appellee that, because the defendant failed to comply with the requirements of the statute in regard to obstructions on the track, therefore the plaintiff was entitled to the general charge, and all errors were without injury. Another objection to the general charge is that the evidence is entirely inconclusive as to the injury to the two animals which fell into the creek.

2. While charge 2 may have been confusing, or misleading, yet it could have been corrected by an explanatory charge, and the court cannot be placed in error for giving it.

3. This court has said that: "A failure to comply with the requirements of that statute is not, in every case, an actionable wrong. The penalty for such failure is a liability 'for all damages done to persons, or to stock or other property, resulting from' such failure. It is only when the injury results from the failure to comply with the statute that the action for damages can be maintained. The principle only extends to such injuries as are caused by the nonobservance of such rules."—*Hilliker-Krebs B. & M. Co. v. Birmingham Ry. & Elec. Co.*, 100 Ala. 424, 425, 426, 14 South. 200. Hence charge 4 was defective, in instructing the jury that, if the statute was not complied with, the plaintiff was entitled to a verdict, without hypothesizing any causal connection between the failure, or the negligence and the injury; also in requiring a preponderance of the evidence. While it is true, as stated in other cases, that when the injury, the ownership, and the value of the animal have been shown, a prima facie case is made out against the railroad company (*L. & N. R. R. Co. v. Cochran*, 105 Ala. 354, 16 South. 797; *So. Ry. v. Reeves*, 129 Ala. 457, 29 South. 594), yet, even though the railroad company might fail to prove compliance with the statute, it could rebut that prima facie presumption by showing that, as a matter of fact, there was no causal connection between the failure and the injury.

4. The objection raised by the appellant to charge 5, given at the request of the plaintiff, is that, in order to predicate negligence on the violation of a city ordinance in regard to speed, it is necessary to set up the ordinance in the pleading. It is true that this court remarked in the *Prather Case,* that "good pleading requires the pleader to set out so much of an ordinance as is relied upon to support the cause of action" (*So. Ry. Co. v. Prather*, 119 Ala. 588, 595, 24 South. 836, 841, 72 Am. St. Rep. 949); but that was a case based

upon the violation of the city ordinance, and the second count averred the existence of an ordinance prohibiting a railroad from obstructing a street. Said count was demurred to, and the court did not find it necessary to pass distinctly on the demurrer, but made the above remark, and stated that the count should be amended. So. also, in the case of *Case v. Mayor of Mobile*, 30 Ala. 538, was a prosecution for a violation of a city ordinance.

In the case now under consideration the action was for negligence, and the question is simply whether evidence of the ordinance may be considered in arriving at the determination of negligence vel non, in the absence of any allegation in regard to the ordinance.. The writer confesses that, if it were a new question, he would be disposed to require more specific allegations in regard to negligence, yet it is settled by former adjudications that very general averments, "little short of legal conclusions," are sufficient. The ordinance, in this case, was merely a fact bearing upon the question as to whether the defendant's agents were guilty of negligence.—*Robertson v. Wabash, St. L. & Pac. Ry.*, 84 Mo. 119, 121; *Goodwin v. Chicago, Rock Island, etc. Ry.*, 75 Mo. 73, 75, 76; *Elyton Land Co. v. Mingea*, 89 Ala. 521-530, 7 South. 666. The running of the locomotive at a greater rate of speed than that allowed by city ordinance has been held by this court to constitute negligence.—*S. & N. Ala. R. R. v. Donovan*, 84 Ala. 141, 147, 4 South. 142, and case cited; also *Elyton Land Co. Case, supra*. Hence, although the fifth charge requested by the plaintiff might have been more clearly expressed, there was error in giving it.

5. The language of charge 6, given at the request of the plaintiff, has been so often approved by this court that it must be considered correct.—*L. & N. R. R. v. Kelton*, 112 Ala. 533, 536, 537, 21 South. 819; *Ala. Mid. Ry. v. McGill*, 121 Ala. 231, 25 South. 731, 77 Am. St. Rep. 52. It is true, as suggested by counsel for appellant, that if the locomotive in question were equipped with some extraordinary appliance, by which it could be stopped within the distance to which the

headlight throws the light, it would not be within the
rule, yet we understand the expression, "ordinary
means and appliances," to refer to the ordinary or cus-
tomary means and appliances at the command of that
particular train or locomotive.

As to the other suggestion, that in this case there was
no evidence of disturbing causes which nullified the ef-
fect of the headlight, if that were the case it would not
be true, as stated in the charge, that the negligence men-
tioned proximately contributed to the injury. If de-
fendant desired an explanation on this point, it could
have requested an explanatory charge.

6. Charge 7, given at the request of the plaintiff, is
governed by the same principles, and there was no er-
ror in giving it.

7. Charge B was properly given.

8. Charge C is subject to the infirmity that it did
not hypothesize any causal connection between the neg-
ligence and the injury, and should not have been given,
and the same is true of charge D. Also is assumes that
the stock belonged to the plaintiff and was struck by
the locomotive, and does not hypothesize that it was
within the city limits.

9. From what has been previously said, charge E
should have been refused.

10. Charge M should have been refused. It is unin-
telligible, inasmuch as it instructs the jury to add in-
terest to the "value of the stock found by them." They
were not charged with the duty of finding any stock, but
with the duty of ascertaining whether the defendant had
killed or injured any stock belonging to the plaintiff,
and whether such killing or injury resulted from negli-
gence.

Counsel for appellee insists that, though some of the
charges given at the request of plaintiff be "bad," or
"too broad," yet, as all the charges must be construed
together, if, taking them all together, the law be cor-
rectly stated, the court should not reverse because a sin-
gle instruction, taken by itself, is too broad. The rul-
ings in some other jurisdictions on this subject are
slightly different from our own. Yet, under our stat-

utes and decisions, while it is true that the jury considers all the charges given, and the oral charge of the court is construed as a whole, yet erroneous statements in written charges are not corrected by correct statements made in the oral or other charge of the court. Under such a rule it would be impossible to tell whether the jury followed the correct statement or the incorrect statement of the law. "An instruction which attempts to cover the whole case, and authorizes a finding for one party or the other, according as the jury may determine certain facts, is erroneous, if its omits any material issue; and such error is not cured by another instruction properly submitting the omitted issue."—1 Blashfield's Instructions to Juries, p. 911, § 391; Code 1896, § 3328, and cases cited.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.