(101 So. 661)

## SOUTHERN RY. CO. v. RANDALL.
(2 Div. 846.)

(Supreme Court of Alabama. Oct. 23, 1924.)

**1. Railroads ⬦⟹446(1)—General charge for railroad killing dog properly refused.**

Where plaintiff's dog was killed by defendant's train, it was not error to refuse general charge for defendant, in view of plaintiff's evidence.

**2. Trial ⬦⟹139(1), 178—When general charge improper stated.**

General charge for defendant should not be given where plaintiff's evidence, which must be accepted as true, tends to establish his case.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Action for damages by Spears Randall against the Southern Railway Company, for the killing of a hound dog and a bird dog by railroad trains. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under Acts 1911, p. 449, § 6. Affirmed.

Pettus, Fuller & Lapsley, of Selma, for appellant.

Defendant was entitled to the affirmative charge. Hines v. Schrimscher, 205 Ala. 550, 88 So. 661; Nor. Ala. Ry. v. Gantt, 17 Ala. App. 74, 81 So. 852; A. C. Co. v. Lumpkin, 195 Ala. 290, 70 So. 162.

A. M. Pitts, of Selma, for appellee.

When plaintiff showed his dog was killed by the train of defendant, the burden shifted to defendant to show no negligence. L. & N. v. Watson, 208 Ala. 319, 94 So. 551; L. & N. v. Fitzpatrick, 129 Ala. 322, 29 So. 859, 87 Am. St. Rep. 64; Code 1907, § 5476.

THOMAS, J. Appellant does not question the judgment as to recovery for the "hound dog"; it is as to recovery for the death of the bird dog that appeal is taken.

The question of the giving of the general affirmative charge on written request has been recently considered, and the authorities collected in McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

[1] The inferences of fact to be drawn from the evidence and the agreed statement of facts are for the jury; that is to say, as to the exact place where the injury occurred, and how it occurred, were for the jury—whether the usual and required signals were given or other precautionary and preventive measures employed by the engineer, and whether or not the dog was on the track awaiting the call of its master when it was struck by the engine, or whether it tried to pass under the train in motion, and so received its injury. It is without dispute that when Mr. Randall last saw the bird dog, a few minutes before its injury, it was on the track; that he called and "she stopped and looked back," and that in about five or six minutes the train passed over the "track the dog had started running down," when last seen by Mr. Randall; that he immediately went, after the train passed, to the place where that dog was killed, and found its leg or foot, hair and blood on the track, and the dog, with its right thigh cut off just above the knee; that the dog was "40 steps off the railroad" when he found her, "virtually dead, with one leg off."

[2] In determining the propriety of the general charge, the evidence offered by the party against whom it is requested to be given must be accepted as true. It is only when there is no evidence tending to establish plaintiff's case that the court may direct a verdict for the defendant, and, if there is evidence reasonably affording an inference adverse to the right of recovery by the party asking the general charge, it should not be given. McMillan v. Aiken, supra.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.