67 So.2d 49

### LOUISVILLE & N. R. CO. v. KING.

#### 2 Div. 851.

Court of Appeals of Alabama.

April 21, 1953.

Rehearing Denied May 19, 1953.

---

Pettus, Fuller, Reeves & Stewart, Selma, and Steiner, Crum & Baker, Montgomery, for appellant.

Drinkard & Drinkard, Linden, for appellee.

HARWOOD, Judge.

This is an appeal from a judgment in favor of the plaintiff below, appellee here, for damages resulting from the killing of plaintiff's cow by the defendant railroad, the appellant.

The complaint contained one count, with issue joined thereon. No question of pleading is involved in this appeal.

The complaint alleges that the cow was killed "on to-wit: February 16, 1950." The evidence tends to show that the cow was killed on December 29, 1949. This variance between the pleading and proof is one of the points urged as error by the appellant. We will discuss this point later in this opinion.

The evidence presented by the plaintiff below tended to show that the cow in question was last seen alive about dark on the day before she was discovered lying about six feet from the appellant's railroad tracks, with "her hip knocked open about 12 or 18 inches long." The cow was thus found on or about February 16, 1950.

Mr. King, the plaintiff, testified that the railroad track is perfectly straight at the point where the cow was found, with the view unobstructed in either direction for some distance; that there was no brush growing on the sides of the railroad at this point, though there was some dead Johnson grass, "not very high," and not high enough to prevent a cow from being seen.

For the defense, Mr. J. V. White, employed as a locomotive engineer by the appellant, was the principal witness.

Mr. White testified that he was engineer of appellant's train traveling from Myrtlewood to Selma, Alabama, and that no cow was struck by the train on December 29, 1949.

However, Mr. White testified that on the night of February 16, 1950, the train which he was operating as engineer did strike a cow on the place where appellee's cow was found.

The train was proceeding from Linden to Thomaston at a speed of from 30 to 35 miles per hour, and the whistle, bell, and brakes and standard mechanical equipment

on engine of this type were in proper condition.

The track at the point in question was straight and level, and the night was clear.

Mr. White first observed the cow when she came into the range of the engine headlight, some 70 feet in front of the engine. Then according to Mr. White: "She started moving toward the track and when she did that I blowed the whistle and applied brakes. She kept moving toward the path of the engine, and I kicked the cylinder cock open and let out steam to scare her back, and she still rushed up on the track, and then she got on the shoulder of the road bed and taken out right in front of the engine, and the pilot or the cylinder head struck her to the right."

Mr. White testified that there was some grass growing on the site of the right of way, and indicated its height to the jury as "something like this."

He did not notice any movement in the grass and did not see the cow "too much until she started toward the track."

According to Mr. White, a skillful engineer could not have avoided hitting the cow within the distance he first observed her.

On cross and recross examination Mr. White testified that the headlight on the engine would disclose an object 150 to 200 feet in front, and 30 feet on each side of the track.

At the speed the train was traveling, considering the load, it would take 300 feet to stop it.

Mr. White further testified that when he saw he could not keep from hitting the cow he kicked off the brake.

In their brief counsel for appellant direct their argument solely to the sufficiency of the evidence in general to sustain the verdict and judgment, and more specifically as to the sufficiency of the evidence in light of the variance between the pleading and proof in connection with date of the killing of the cow.

The evidence presented by the plaintiff below established his prima facie case. Section 173, Title 48, Code of Alabama 1940.

It is further our conclusion that under the evidence presented a jury question was created as to whether the appellant's engineer, by the exercise of due diligence could have seen the animal near the track in time to have avoided injuring it, although the engineer did not observe the animal in time to avoid injuring it. Louisville & Nashville R. Co. v. Posey, 96 Ala. 262, 11 So. 423; East Tennessee, V. & G. R. Co. v. Watson, 90 Ala. 41, 7 So. 813.

Further, a jury question was presented as to the engineer's negligence growing out of the evidence to the effect that the night was clear; that the headlight permitted observation of obstructions on the track possibly 200 feet ahead, but that at the speed he was operating the train it could not be stopped under 300 feet. A railroad company injuring stock by the running of its train in the nighttime at such rapid rate of speed that it is impossible by the use of ordinary means and appliances to stop the train and prevent injury, within the distance in which stock upon the track could be seen by the aid of the headlight is guilty of negligence, which if it caused the injury entitled the owner to recover. Alabama Great Southern R. C. v. Jones, 71 Ala. 487; Birmingham Mineral R. R. Co. v. Harris, 98 Ala. 326, 13 So. 377; Central R. & Banking Co. of Ga. v. Ingram, 98 Ala. 395, 12 So. 801; Louisville & Nashville R. Co. v. Davis, 103 Ala. 661, 16 So. 10; Louisville & Nashville R. Co. v. Kelton, 112 Ala. 533, 21 So. 819.

Nor do we find that reversible error results from the variance as to date of the injury to the animal alleged in the complaint, and the proof of such date.

In part Circuit Court Rule 34 provides as follows:

"Nor will the trial court be put in error for refusing the general affirmative charge predicated upon such variance, unless it appears from the record

that the variance was brought to the attention of the said trial court by a proper objection to the evidence."

This rule was not complied with, in that there was no proper objection, in fact no objection at all, interposed to the evidence submitted, nor was the matter of variance properly called to the court's attention by any requested charge. Kurn v. Counts, 247 Ala. 129, 22 So.2d 725.

We have responded to all points to which counsel have directed argument. We find no merit therein. This cause is therefore ordered affirmed.

Affirmed.