(110 So. 817)

### MOBILE & O. R. CO. v. CHAMBERS.
### (5 Div. 953.)

(Supreme Court of Alabama. Nov. 4, 1926. Rehearing Denied Jan. 20, 1927.)

1. Trial ⬨⟶142, 143—In case of conflicting evidence or adverse inferences to be drawn from evidence, affirmative charge should not be given.

Affirmative charge should not be given if there is conflict in evidence or adverse inferences to be drawn from evidence.

2. Railroads ⬨⟶446(10)—Question of lookout for mule injured by train held for jury.

In action for damages through killing of mule by train, at night during drizzling rain, question of lookout *held* for jury.

Appeal from Circuit Court, Chilton County; G. F. Smoot, Judge.

Action by J. O. Chambers against the Mobile & Ohio Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

L. F. Gerald, of Clanton, and Steiner, Crum & Weil, of Montgomery, for appellant.

In order to recover, plaintiff must establish negligence on the part of defendant, either by presumption or in fact. Code 1923, § 9952; Cardwell v. L. & N., 185 Ala. 628, 64 So. 564; L. & N. v. Dumas, 209 Ala. 324, 96 So. 243; L. & N. v. Kelton, 112 Ala. 533, 21 So. 819. The running of a train at a rapid rate around a curve, where the engineer cannot see the track or obstructions far enough ahead to stop, without more, is not negligence, authorizing recovery for killing stock. Code 1923, § 9952; C. of G. v. Williams, 200 Ala. 73, 75 So. 401; C. of G. v. Pittman, 16 Ala. App. 567, 80 So. 141; Southern R. Co. v. Freeman, 16 Ala. App. 687, 81 So. 135.

J. B. Atkinson, of Clanton, for appellee.

The operation of a locomotive train at night, over a track that curves, at such a rapid rate of speed that the train cannot be stopped within the distance in which animals on the track or in close proximity thereto could, by the use of ordinary care, be seen, and as a proximate consequence thereof an animal is killed, is actionable negligence, unless the railroad company has used due diligence in construction of cattle guards, and fences against the intrusion of stock upon that part of its track. L. & N. v. Fox, 11 Ala. App. 253, 65 So. 917; R. R. Co. v. Mitchell, 148 Ala. 35, 41 So. 427; A. G. S. v. Jones, 71 Ala. 495.

THOMAS, J. [1] The affirmative charge should not be given if there is conflict in the evidence or adverse inferences to be drawn from the evidence. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

[2] The evidence showed that about 4 o'clock a. m., while it was dark, the mule in question was walking up appellant's track, and, no doubt, when the train approached, ran down in front of the train until overtaken and killed. The track extended in general direction north and south, the grade was descending, and the train south bound approached the point where the mule was struck, on a straight track for some distance, before entering a quarter of a mile curve to

---

⬨⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the left. On the straight track immediately before entering the curve, there were high banks obscuring as to the curve the vision of any one on the engine. The mule reached a point 100 yards south of the north end of the curve when it turned and went back south on the track, from which direction it had just come. Just prior to the time the train entered the north end of the curve, the fireman was mending the fire, which was part of his necessary duties and placed him in a position where he could not see the track in front of the train while so engaged. He was continuously so engaged until after the mule was killed. The engineer, who was on the right side, or outside, of the curve, could not and did not see the mule running down the track until the engine was about 15 feet from it, and just immediately before it was struck and killed.

The evidence shows that the mule had been running either on the left side or center of the track, out of the vision of the engineer, when it suddenly went to the right side of the curve, immediately before it was struck by the engine. This change in the animal's position or course, together with the fact that at that point the curve was not quite as sharp as it had been, enabled the engineer to see the mule for the first time. The evidence further showed that the mule ran down the track about 140 yards from where it entered thereon or turned to flee to where it was killed. The train was running about 30 miles per hour and required a distance of about 1,000 feet to stop it at the time and place of the collision. The engine was properly equipped with all modern appliances for stopping trains, which were in good working order, and a skilled engineer was in charge. All available steps to stop the train, after discovery of the mule, were taken by the engineer.

The court committed error in giving the general affirmative charge for the plaintiff. The fireman testified he was engaged in the duties of firing and not keeping a lookout, and "did not see this mule myself," as the train was running 30 or 35 miles per hour. The track was obscured from the engineer; the brakeman was on the engine and on deck below the cab windows. The interrogatories in evidence were to the effect that immediately after the accident the brakeman, Sanders, told the engineer that he had struck a mule and knocked it off on the left side of the track. In this evidence, if it stood alone, may be found an adverse inference to the testimony of the fireman that Sanders was, at the time of the collision, standing on the deck, "looking back for hot boxes." He immediately reported the collision to the engineer. A jury question was presented as to keeping a proper lookout, in the night and during a drizzling rain, when entering upon and pro-

ceeding along the curve at a high rate of speed.

In Western Ry. v. Mitchell, 148 Ala. 35, 41 So. 427, the negligence consisted in running at a dangerous and excessive speed through a fog, so that the headlight was ineffective; that is, the failure to so operate the train that it might be stopped within the range of its headlight. Montgomery L. & T. Co. v. Baker, 190 Ala. 144, 153, 67 So. 269. No such case is presented by the facts. 29 A. L. R. 1049, note et seq.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.